## SCUDDER v. DELASHMUT, Garnishee.

The rule that partnership creditors have a priority of right in the partnership property, does not mean that a partnership creditor may step in and take precedence of a creditor of an individual member of the firm at any time, and under all circumstances.

To enable the court to apply the rule, the case must be such that the court may marshal the debts and effects of the partnership, and thus ascertain the amount of the joint liabilities, and the joint property.

Before a partnership creditor can take property from a creditor of an individual member of the firm, who has an attachment or other lien on the property, it must be ascertained that the property is needed to pay such partnership creditor—that is, that there is not more than sufficient means for the payment of the partnership creditors.

A creditor of a partnership cannot alone, by a writ of attachment, oust a creditor of an individual member of the firm from his prior attachment. The partnership creditor has no lien which he can enforce alone, by an attachment.

Where in a proceeding by garnishment, it appeared that W. and M. J. D. being in partnership, on the 19th day of July, 1856, they dissolved, and the latter sold his interest to W., who, at the same time, executed to M. J. D. a mortgage on the stock to secure the payment of $1425, the purchase money; that on the 22d of July, M. J. D. assigned the mortgage to W. W. D., to pay a debt due him from M. J. D.;

that on the twenty-sixth of August, the plaintiff, and other partnership creditors, attached the goods in the hands of W.; that on the same day W. W. D. replevied; that before W. W. D. took possession of the goods, under the writ of replevin, he was garnished by the plaintiff and others; that W. W. D. took possession of the goods by virtue of said mortgage, and sold a portion, amounting to $1,748,35; that after paying his own claim, and the expenses, he had remaining the sum of $101,11; and that the goods, which remained unsold, were delivered back to the sheriff, who had attached them; and where on the trial of the cause before a jury, issue having been taken on the answer of the garnishee, the plaintiff requested the court to instruct the jury as follows: "That if M. J. D., the partner of W., sold his interest in the stock of goods, to his partner, and took a mortgage or bill of sale on the partnership property, to secure the payment of said interest, and said M. J. D. assigned the said mortgage to the garnishee, then the said garnishee holds said property subject to the claims of the then partnership creditors of said firm, and is liable to the plaintiff for the value of the goods so received and held by him, with interest;" which instruction was refused; and the court then charged the jury: "That if the goods mentioned, were held by the garnishee on account of a *bona fide* sale to him, to pay a debt due him, and before the attachment was levied on the goods, the said garnishee had the legal right to the property as against the partnership creditors, provided there was no fraud in the sale;" *Held*, That there was no error in the action of the court.

## *Appeal from the Des Moines District Court.*

### Tuesday, October 19.

C. M. Wilcox and M. J. Delashmut being in partnership, on the 19th day of July, 1856, they dissolved, and the latter sold his interest to Wilcox. At the same time, Wilcox executed to Delashmut, a mortgage on the stock, to secure the payment of the sum of fourteen hundred and twenty-five dollars, the purchase money. On the 22d of July, M. J. Delashmut assigned the mortgage to W. W. Delashmut. On the 26th of August, this plaintiff, and others, in their respective suits, attached the same goods in the hands of Wilcox, and on the same day W. W. Delashmut replevied the goods. Before he took possession of the goods under the replevy, he was garnished by the plaintiffs in all the suits.

The garnishee answered, showing all the above facts, except that last stated, relating to the time when he was garnished, which was proved by the sheriff. He farther states that he took possession of the goods by virtue of the said mortgage, and sold a portion, amounting to $1740,35, and after paying his own claims, and the expenses, he had remaining the sum of $101,11; and that the goods which remained unsold, were delivered back to the sheriff, who had attached them. The plaintiff took issue upon the garnishee's answer, alleging that he was indebted to Wilcox & Co., in the sum of four thousand dollars. A trial took place before a jury, when the plaintiff requested the court to instruct the jury, "that if M. J. Delashmut, the partner of Wilcox, sold his interest in the stock of goods to his partner, and took a mortgage or bill of sale on the partnership property, to secure the payment for said interest, and said Delashmut assigned the said mortgage, or bill of sale, to the garnishee, W. W. Delashmut, then the said garnishee holds said property subject to the claims of the then partnership creditors of said firm, and is liable to the plaintiff for the value of the goods so received and held by him, with interest"—which was refused by the court, who charged the jury: "That if the goods mentioned were held by the garnishee on account of a *bona fide* sale to him, to pay a debt due him, and before the attachment was levied on the goods, the said garnishee had the legal right to the property, as against the partnership creditors; provided there was no fraud in the sale. In this case, the mortgage, and assignment of the same, is evidence of what it purports to be, and is to be received by the jury as a *bona fide* sale, unless there is evidence before the jury to impeach it." To both the giving of one of these instructions, and the refusal of the other, the plaintiff excepted, and now assigns the same for error. The jury returned a verdict in favor of the plaintiffs for the sum of one hundred and one dollars, and eleven cents, and the plaintiffs appeal.

*C. Ben Darwin*, for the appellant.

*Browning & Tracy*, for the appellee.

WOODWARD, J.—The interrogatories to the garnishee might have been carried somewhat farther, to show the consideration of the assignment from M. J. to W. W. Delashmut, but this was probably admitted to be unquestionable. There is nothing throwing suspicion upon it, and it is to be taken as a *bona fide* transaction.

The question presented to this court is, whether. the court below was correct in the instruction given, and in the refusal of that which was asked by the plaintiff. It is true, that as a rule, the partnership creditors have a priority of right in the partnership property. But what is the meaning of the rule, and where is it applicable? Does it mean that the partnership creditor may step in, and take precedence of an individual creditor, at any time and under all circumstances? The answer must be, that to enable the court to apply the rule, the case must be such that the court may marshal the debts and effects, and thus ascertain the amount of the joint liabilities, and of the joint property. In this manner, the court finds whether the entire assets are wanting to pay the joint creditors. Before the joint creditor can take the property from the individual creditor, who has an attachment or other lien, it must be ascertained that the property is wanted for this purpose —that is, that there are not more than sufficient means for the payment of the partnership creditors. Therefore, it will be perceived, that the joint creditor cannot come in by his attachment alone, and oust the separate creditor from his prior attachment, or other lien. The former has not a *lien* which he may enforce in this manner, for himself alone, by his attachment. It is not yet ascertained that there is not sufficient for the payment of both classes; and this cannot be done in his separate action at law, for the recovery of his debt. This is usually effected by the aid of a court of equity; but we are not called upon to,

and therefore will not, undertake to declare, that it cannot be done otherwise.  1 Story's Equity, 625, *et seq.*

It is to be remarked that the garnishee was not required to make the mortgage and assignment a part of his answer; nor are they before us in any manner, so that we have no means of knowing whether the terms of that instrument affects the question.  No error being found in the action of the court, the judgment is affirmed.