Loving v. Pairo, et al.

## LOVING v. PAIRO *et al.*

1. CONVEYANCE OF REAL ESTATE. The validity of a conveyance or transfer of real estate must be determined by the law of the place where the property is situated.

2. FOREIGN ASSIGNMENT. Where lands situated in this State were conveyed, in contemplation of insolvency, by deeds of general assignment for the benefit of creditors, which deeds were executed in the District of Columbia, (the place of the grantor's domicil,) and by the terms of which the claims of certain creditors were preferred, it was held that the conveyances were repugnant to the laws of this State and invalid, and could not operate even as assignments in favor of all creditors in proportion to their respective claims.

3. PRESUMPTIONS IN FAVOR OF A JUDGMENT. In proceedings in equity, founded upon a judgment, the presumptions are in favor of the validity of the judgment, in absence of proof to the contrary.

4. ALLEGATIONS: NULLA BONA. In a bill to remove the cloud of a pretended conveyance from real property upon which the complainant claims a judgment lien, it is not necessary to aver the return of an execution *nulla bona.*

5. SEPARATE ESTATE OF A PARTNER. The rule which gives the separate creditors of a partner a preference over firm creditors in the application of his separate estate, has no application in a proceeding by a creditor of the firm to cancel an invalid assignment made for the benefit of creditors of the same class.

*Appeal from Muscatine District Court.*

WEDNESDAY, JANUARY 4.

BILL IN EQUITY to set aside certain conveyances of land made by Pairo & Nourse, and Charles W. Pairo to the respondent, Edes, and to establish the lien of complainant's judgment thereon. The cause was heard on the pleadings and proofs, and a decree rendered in accordance with the prayer of the bill. Respondents appeal.

*Richman & Bro.* for the appellant.

I. The complainant is not entitled to the relief sought, because he does not show that he has caused an execution to issue and that the same has been returned *nulla bona. Ballentrue* v. *Beall,* 3 Scam. 203; 8 Wend. 339; *Beck* v. *Burdett,* 1 Paige 305; 4 Gilm. 515; 2 Ib. 523.

II. The title of Pairo & Nourse, if any, was an equitable one and could not be taken in attachment. 15 Ill. 95.

Lands conveyed in trust for the payment of debts cannot be attached. 15 Ill. 205; 8 Pick 298, 505; 12 Ib. 22, 116; 10 Iredell 295.

III. The plaintiff is a non-resident of the State of Iowa. Assignments made in another state, inconsistent with the policy of our law will be held void only in favor of the citizens of this State. As to foreign attaching creditors the instrument may be upheld. *Casper* v. *Webster*, 2 Wallace 131; *West* v. *Tupper*, 1 Bailey, 193; *Green* v. *Mowry*, 2 Ib. 163; Bur. As. 360–372.

IV. The assignment may be held valid as to every part except that giving the preference. Bur. As. (2d ed.) 119, 120, 374.

V. The creditors of Pairo & Nourse have no claim against the individual property of Pairo, until the firm property is exhausted, and the separate creditors are paid. 4 Gilm. 36; 15 Ill. 193; 3 Paige 167; 1 Harris & Gill. 96; 7 Am. Law Reg. 35; 1 Story Fq. Jur 675; 3 Kent. 64; Story on Part. section 363

*John A. Rogers* for the appellee.

A general assignment for the benefit of creditors, giving preferences among the creditors, made by an insolvent domiciled out of this State, at the place of his domicil, conveying land in this State, is invalid as to said land as against an attaching creditor:

1. Because the validity of a transfer of real property is always governed by the *lex loci rei sitœ* not the *lex domicilii.* Story Conf. L. section 420, 424, 428, 430, 434–5, 445–6, 479a and cases there cited; 2 Kent Com. 429; 4 Ib. 479, 513; Bur. on As. 334–5; *Monroe* v. *Douglas*, 1 Seld. 447; *Waterhouse* v. *Stanfield*, 12 Eng. L. & E. R. 206; *Nicholson* v. *Leavitt*, 4 Sand. S. C. R. 252.

2. Because the laws of one State can have no force *ex pro-rio vigore* in another; it is only by the comity of nations they are allowed to operate extra-territorially, and they will

never be permitted so to operate when repugnant to the policy or injurious to the interests of the country where they are sought to be enforced.   Story Conf. L. sections 18–20, 33, 38, and cases cited; 2 Kent. Com. 458 and notes; 9 Smed. & M. 247; Davis v. Bronson, 6 Iowa. 410; Ingraham v. Geyer, 13 Mass. 146; Osborn v. Adams, 18 Pick. 245; Fox v. Adams, 5 Greenl. 245; Varnum v. Camp, 1 Green. (N. J.) 326; Mayberry v. Shisler, 1 Har. (Del.) 349.

WRIGHT, C. J.—Pairo & Nourse were bankers in Washington City.   The bill charges that on the 14th of September, 1857, they were insolvent, and being so, they executed to their co-respondent, Edes, a deed of general assignment of their property real and personal, in trust for the benefit of their creditors.   It is also averred that Pairo, one of the copartners, on the same day, being the owner in fee simple of certain lands in Muscatine county in this State, conveyed the same to said Edes in trust for the partnership creditors; that both of said deeds were executed on the same day, and in pursuance of the same plan and design, to wit, to convey all their property of whatever nature and whatever situation to secure their creditors, that the deed of Pairo was in aid of the one made by the partnership, and for the purpose of more specifically conveying by a particular description of the said land.

Complainant avers that on the same day he deposited with Pairo & Nourse near $2400 for which he received a certificate of deposit, that on the 7th of October 1857, he procured an attachment against them from the Muscatine District Court, that the same was levied upon the land conveyed by Pairo to Edes, and that such proceedings were afterwards had that on the 19th of October 1858, he recovered a judgment against the said Pairo & Nourse for the amount of his said debt with interest.   It is then alleged that said two deeds, so far as they purport to convey the title to said land in Muscatine county, are null and void; that the attachment and judgment are liens upon the said lands; and that said deeds are a cloud

upon the title and an obstruction and hindrance, in the way of enforcing said liens.   This cloud he asks to have removed and that said deeds as to said lands may be set aside.

The answers admit the execution of the deeds, but deny the insolvency, stating that "they were unable to meet their engagements, but always considered that the property conveyed, if judiciously disposed of, would not only pay all their debts, but leave a large surplus."   They admit the issuing the certificate of deposit; state that they as well as said plaintiff, are non-residents of this State ; admit the issuing of the attachment charged; deny upon information and belief, that complainant obtained a judgment, but refer to said proceedings for greater certainty; insist that said deeds are not null and void and deny the complainant's lien.

Copies of the deeds referred to are annexed to the bill and from them it appears, that they were executed in the District of Columbia, and intended to convey all the estate, personal and real of the said firm and each member thereof, in trust, to be applied to the satisfaction of all their, and each of their, debts.   The first deed, describes certain real estate, and then conveys, "also all other lands &c. owned by them, or either of them, in the several states and territories following," (naming several states including Iowa.)   It also recites that said Pairo, holds in his own name divers lands, *but that the same belong to the firm.*

The second deed, directs the trustees to apply the proceeds of said lands first to the payment of certain debts which are named (and some of them being the same as named in the first), and the remainder into and among all the other creditors of Pairo & Nourse, equally according to the amount of the respective debts. ·

Upon these facts, and others to be hereafter stated, complainant insists that these deeds are invalid, and that the lands attached are subject to his judgment ; while respondents insist that the decree was unwarranted and should be reversed.   Their respective positions we proceed briefly to notice.

We think it very evident that these deeds constitute but one transaction, but one general assignment. The second is but in aid of the first, the design manifestly being to carry out the plan and object expressed in the principal instrument. And this conclusion is not only justified by the entire tenor of the two instruments, but by the consideration that the bill charges these facts and the answer does not pretend to deny them. On the contrary the answer seems to treat them as parts of one entire transaction, and to assume it as true that if one falls the other must. And that this is correct we entertain no doubt.

That this assignment, upon its face, is general and made *so as to prefer certain creditors is admitted.* And while respondents concede that under the laws of this State such an assignment is not valid, yet it is contended that it is valid by the laws of the place where made and is therefore valid here.

Whatever may be the rule as to such conveyances where they relate alone to personal property, we think it is well settled that where they operate upon real estate, they must be judged of by the law of the place where the real estate is situated. As transfers of real estate their validity must be determined by the *lex loci rei sitæ.* All the authorities both in England and in this country, it is believed, recognise the principle. Story's Conf. of Laws, sections 627, 428, 423, and cases cited in note 3 to section 428. Our law provides that no general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors *shall be valid*, unless made for the benefit of all the creditors in proportion to the amount of their respective debts. Code section 977; *Burrows et al.* v. *Lehndorff*, 8 Iowa 97. Testing the assignment in this case by the rule of the Code it is invalid. Whether it is invalid for all purposes and everywhere we need not determine. The laws of the District of Columbia, have no extra-territorial force except by consent or comity. If the assignment was valid as to all or any portion of the estate there, this state has adopted a different

rule, and by this we are to be governed.   And being invalid
it could not operate to pass the estate as against the credi-
tors.   The preference to creditors renders it void, and the
courts will not undertake to strike out this part and uphold
the conveyance as one for the benefit of all his creditors, in
proportion to the amount of their respective claims.   If the
assignment is valid, as claimed, when executed, then it would
follow that it might be enforced there so as to give the pro-
posed preference, while here, (if the instrument is to be sus-
tained in part) the same preference would be denied.   And
then if the claim giving the preference can be disregarded,
and the assignment be sustained in this instance, so it may
in every other case of a similar character, whether made
within or without the State, and the statute referred to would
be without force or meaning.

Respondents insist, however, that there is nothing to show
that the assignors were insolvent. ' Whether so in fact, in
the sense that their property was insufficient to pay their
debts, we think it most manifest from the assignment, that
it was at least made in contemplation of insolvency.   If so,
the rule is the same as if there was actual insolvency.   But
it is insisted that complainant had no judgment upon which
he could ask an execution, and therefore had no right to
seek to remove the cloud from the title of this land.   The
argument is that Pairo & Nourse were non-residents; that
the court had no jurisdiction except over the property attach-
ed; that complainant could as a consequence recover no more
than a judgment against that property, and therefore he can
not now ask execution as upon a general judgment.   The
argument is based, if not upon a mistake of the law, at
least upon one of fact.   Though defendants were not residents
of the State, it by no means follows that they may not have
appeared to the action, submitted to the jurisdiction, and
thus have conferred upon the court power to render a gen-
eral judgment.   The bill charges that such proceedings were
had as that complainant recovered judgment against said

Pairo & Nourse, and this is no where positively denied.    If a judgment was recovered, we must presume, in the absence of proof to the contrary, that it was a valid judgment.    Thus viewing the case we need not stop to inquire whether the legal proposition asserted by respondents, upon the supposition that there was no appearance to the attachment proceedings, is correct or not.

It is further insisted, that before complainant could proceed in equity to subject these lands he should have had an execution returned *nulla bona*, in other words he should show that he had exhausted his legal remedy, before going into equity.    To this we think complainant well answers, that this is not a creditor's bill to reach equitable assets upon which the judgment is not a lien, but to remove out of the way of an execution a pretended conveyance, which is alleged to be void.    To do the latter it is not necessary for the party to exhaust his legal remedies in his effort to obtain satisfaction of his judgment.    *Beck* v. *Burdett*, 1 Paige 305, and cases their cited.

It is further insisted that the lands attached belonged to Pairo; that by the second deed these lands were devoted first to the payment of his individual debts; that complainant is a creditor of the firm, and therefore has no right to seek to subject the property of the individual members to his debts.

Whatever application the rule insisted upon, and thus briefly stated, might have if the bill was filed for the purpose of marshaling assets, or if this was a contract between the creditors of the firm and of either member of the same, it has no place in a case of this character.    We do not know that there are any creditors of Pairo.    If there are any, it will be time enough to determine their rights as against complainant when they shall assert them.    In a proceeding of this nature, the rule, which gives the separate creditor of any one of a firm preference over the partnership

creditors, in the application of the separate estate, has no application whatever. *Scudder* v. *Delashmut*, 7 Iowa 39. Not only so, but the deeds, in this instance, show the title to this land was in Pairo. It in fact belonged to the firm, he holding the fee simple title, but in trust for the partnership. Such being the case all possible difficulty upon the point suggested, is removed.

The decree below will stand affirmed.