HAWK EYE WOOLEN MILLS v. CONKLIN.

**Partnership:** LIEN OF PARTNERSHIP CREDITORS. Partnership creditors have no lien upon the partnership property. While the partnership property is primarily liable to the partnership debts, this preference of the creditors can only be worked out through the partners, and if the partners make an absolute sale of the property they thereby cut off all lien of partnership creditors.

*Appeal from Louisa District Court.*

FRIDAY, JANUARY 29.

UNTIL about the 1st of October, 1866, J. M. & A. Virgin were in partnership, under the firm name of J. M. Virgin & Bro., transacting a general mercantile business. They then dissolved, J. M. V. taking the stock, and agreeing to pay the firm debts. They owed plaintiff, at that time, near $800, for goods, a portion of them then

being in said store. On the fifth of that month, J. M. sold one half of the stock, etc., to defendant, for $1,500 — it all being valued at $3,000 — and a new firm was formed under the name of Virgin & Conklin. It was expected that Conklin would pay this $1,500 from his own means, without borrowing. Unable to raise it other-wise, however, he made two loans, Virgin and one Jarvis being his sureties on one note, and said Virgin and one McCluskin on the other. This loan was made at the time of the purchase, and the money paid over to Virgin, part of it used to pay certain claims against the old firm, and the balance to buy goods in the name of the new firm. In April, 1867, these notes being unpaid, Virgin, in the name of the firm, made a chattel mortgage upon the goods, etc., in store, to secure Jarvis and McCluskin. There was still a failure to pay, and according to the terms of the mortgage, the goods were all sold at public auction, and the proceeds applied toward the payment of said notes, and the protection of said sureties. The Virgins are shown to be insolvent. The new firm did a credit business; were in debt somewhat; have not dis-solved, but have closed their establishment; have never settled. Conklin knew, at the time of his purchase, that J. M. Virgin (or the old firm) owed plaintiff, and perhaps others, and that these goods, etc., were all he had to pay said debts.

Plaintiff by an amended petition as against said Conk-lin (in equity), asks that inasmuch as the goods, etc., sold to said V. & Bro., by plaintiff, and the goods of said firm have been appropriated to the payment of the individual debt of said defendant, therefore he should be compelled to pay their debt, and they pray for an accounting, and a decree accordingly. This controversy relates alone to the goods sold prior to the formation of the partnership Octo-ber 5, 1866. As to a small part of the bill, annexed to

the original petition, bought after that time, there is no dispute.

: The court below—the defendant submitting thereto, saving his right to appeal—entered a decree, *pro forma*, as prayed by plaintiff.

*Henry L. Dashiel* for the appellant.

*J. Tracy* for the appellee.

WRIGHT, J.—In argument appellee's counsel expressly state that it is not claimed that plaintiff retained a specific PARTNERSHIP: lien for the purchase money on the goods sold lien of partnership creditors. on credit to Virgin & Bro. Nor is it claimed that appellant (Conklin) agreed in terms to pay plaintiff's demand. It is insisted, however, that it must have been understood that the outstanding liabilities were to be paid out of the goods in Virgin's hands or out of the $1,500 which C. was to put into the concern; that defendant's non-compliance with his agreement by failing to furnish said $1,500, damaged plaintiff to the amount of their claim; that plaintiff has a right to be subrogated to the rights of J. M. Virgin,—that is, to compel defendant to contribute from his own means said sum, or so much as is necessary to pay this debt; that in equity the partnership property of Virgin & Bro., either in their hands, or in the hands of V. & C., was subject to the payment of firm debts, and this in preference to the payment of individual debts; that Conklin is chargeable with all the loss occasioned by the forced sale of the goods; that plaintiff, upon the principle of subrogation, has the equitable right to treat him as the debtor of Virgin, and thereby compel him to pay this debt, and leave the partners to settle their private affairs at such time as may suit their convenience.

· On the part of the defendant, on the other hand, the argument is that the defendant did not, by entering the

new firm, become liable to pay the debts of the old one; that as plaintiff took no mortgage or other lien to secure this debt, nothing remained but a personal claim against V. & Bro.; that there was no lien in plaintiff's favor upon the partnership property; that its preference as a creditor could only be worked out through the partners; that if the partners elect to, and do, make an absolute sale (as in this case, first, to J. M. Virgin, and subsequently by him to appellant), they thereby cut off all lien of partnership creditors; that if J. M. Virgin would have a valid claim against appellant, the extent thereof could only be ascertained after settlement of partnership accounts, and the payment of the debts; and that the circumstances of this case, and the condition of the record, illustrate the necessity of enforcing these rules and the danger of recognizing the doctrine contended for by plaintiff.

Thus, in a condensed form, we have the several propositions advanced by counsel. It will be observed that there is no suggestion that the sale by the retiring member of the firm of Virgin & Brother, was in bad faith. Nor is the honesty of the transaction between appellant and J. M. Virgin, in the least assailed. There is nothing to show that the goods were sacrificed, or sold for less than their full value under the mortgage. Nor is it established that the defendant owes the firm or that in final settlement he is liable to pay his partner or the firm creditors one dollar. Even if plaintiff could be subrogated to Virgin's rights, we do not know what these are. That the goods were sold by plaintiff to the old firm, or that the other firm goods were used to pay appellant's debt would not, without more, compel him to pay this debt. Plaintiff had no lien. This is conceded. The partners are interested in having the property applied to the partnership debts, and this right they may assert in equity.

And to this right the creditors, under a proper bill, with proper parties, may be substituted. But this record presents no such case. All there is of plaintiff's case is, that appellant bought an interest in that which was once firm property, this firm being plaintiff's debtor; the money which he borrowed to pay for this interest was discharged from what was firm assets. Therefore, it is argued, plaintiff is to be subrogated to the rights of said firm, and to judgment for the amount of this claim, without any evidence that the firm had any claim which could be enforced, or proof of special injury to plaintiff. Indeed it would be a little difficult, as the record stands, to see how plaintiff can be injured. The $1,500 was used to pay firm debts and to obtain other property. If Virgin had borrowed it and used and paid it in the same way how could plaintiff complain? In what is the case different because it was borrowed by appellant? Certainly, in no respect, unless he is a debtor. And this is just what is not shown. See *Scudder* v. *Delashmutt*, 7 Iowa, 39; *Stout* v. *Fortner*, id. 183, and authorities there cited; also *Williamson* v. *Haycock*, 11 id. 40; *Sternburg* v. *Callanan*, 14 id. 251; *Hubbard* v. *Curtis*, 8 id. 1.

Reversed.