GEORGE ET AL. v. WAMSLEY ET AL.

1. **Partnership:** PAYMENT OF PARTNER'S DEBTS WITH FIRM PROPERTY: FRAUD ON CREDITORS. A firm may, for a valuable consideration, pay the debt of one of its members out of the partnership funds, and, in the absence of fraud, the creditor receiving the money so paid will not be liable therefor upon garnishment, in an attachment brought by creditors against the firm.

2. ———: ———: CONSIDERATION. An agreement on behalf of a partner having peculiar experience in the business, but who desires to retire, that he will continue in the firm, is a sufficient consideration for the payment out of the capital of the firm of a debt owing by him.

3. **Practice in Supreme Court:** TRIAL DE NOVO. Where an action is tried below as an equitable action, and is presented in this court for trial *de novo*, and no question is raised by counsel as to the regularity of the proceedings, none will be raised by the court.

4. **Error without Prejudice:** NO CAUSE FOR REVERSAL. The error, if any there was, in sustaining a motion to dismiss certain defendants sought to be held as sureties, was without prejudice, and no ground for reversal, since it appears that the principal debt was paid, and the sureties thereby discharged.

*Appeal from Butler District Court.*

THURSDAY, JUNE 12.

PLAINTIFFS brought an action by attachment against defendants, Wamsley and Hartness, and caused The Butler County Bank to be served with process of garnishment. The garnishee answered, denying indebtedness to defendants, and denying that it held any property of defendants. Issue was joined upon this answer, and, upon the final hearing of the case, the garnishee was discharged. Plaintiffs appeal. The facts of the case appear in the opinion.

*Mills & Keeler* and *H. C. Hemenway*, for appellants.

*Gibson & Dawson*, and *C. A. Rozell*, for appellees.

BECK, J.—I. The answer of the garnishee was made be-

fore a commissioner, and, in detail, states and explains the transactions by virtue of which plaintiffs claim that it is liable in this proceeding, and in effect denies indebtedness to defendants and liability as a garnishee. The plaintiffs filed a pleading controverting the answer of the garnishee, and showing facts whereon they base the claim of its liability in this proceeding. The pleadings of the parties need not be more particularly stated just now. The facts upon which the garnishee is sought to be charged are shown by the evidence to be as follows:

1. PARTNERSHIP: payment of partnership debts with firm property: fraud on creditors.

The defendants were engaged in a general merchandise business upon a capital of $500, contributed in equal parts by each partner. Wamsley had no means other than the sum he put in the firm, and Hartness was entirely without means, and was indebted as a partner in a firm that had ceased to do business. He borrowed from the bank the money which he put into the business with Wamsley. He also owed the bank as a partner in the firm with which he had before been connected. Wamsley & Hartness became indebted to the bank in the course of their business.

It is shown that Hartness, who had more acquaintance with and experience in business than his partner, proposed to retire from the firm, and appropriate his interest therein to the payment of the debts he owed to the bank. He was induced to remain in the concern by an arrangement that the firm should pay his debts to the bank, amounting to less than $300. In pursuance of this arrangement, the partners borrowed of Perrin, the vice-president and a director of the bank, a sum sufficient to pay the debts both of the firm and Hartness to the bank. This loan was secured by a chattel mortgage upon the stock of goods held by the firm, and the money realized by the loan was paid to the bank. The next day after the execution of the mortgage to Perrin, the firm made a bill of sale to Burton on account of an indebtedness to him. Burton took possession of the goods, and immediately the partners

George et al. v. Wamsley et al.

made an assignment of all their other property for the benefit of their other creditors, whose debts amounted to more than $3,500. The invoice value of the property assigned was about $1,200, and $575 have been realized therefrom. The evidence shows that the bank, at the time the money was borrowed and paid to it, had notice of the arrangement by which the payment was effected, and also had notice of the pecuniary condition of Hartness. It is not shown that the bank had knowledge of the indebtedness of the firm to other creditors besides itself and Burton, and of the value of its assets. The partners testify that they believed the device of borrowing the money of the bank to retain Hartness in the firm would enable it, in the course of its business, to pay all.its debts, and it is shown that one or both of them so informed the bank.

II. The plaintiffs claim that the bank should be held liable in this proceeding for the amount of the individual debt of Hartness paid to it by the firm. The ground THE SAME. upon which this claim is based we understand to be: (1) That the act of the bank in securing payment from the firm was fraudulent in fact as against other creditors of the firm; (2) That the payment of the individual debt of the partner from the firm assets is in law a fraud as against other creditors of the co-partnership, being regarded as a voluntary payment. We do not understand counsel for plaintiffs to claim that the partnership debts are liens in law upon the firm property, but that they are enforceable as equitable liens.

III. We discover no evidence warranting the conclusion that the acts of the bank connected with the transaction in question were fraudulent in fact. It clearly appears that they were not devised for the purpose of defeating other creditors, but were done in good faith for the purpose of securing payment of its own claim against the firm and Hartness. The bank had no notice of the indebtedness of the firm, and was authorized to believe the statement made by the partners, that it would be able, through

the arrangement by which Hartness was retained in the concern, to pay all its debts. With this information, and the belief based thereon, there could have been no bad faith upon the part of the bank.

IV. We think the position of plaintiffs' counsel, which seems to have support in authorities cited by them, to the effect that the payment of the individual debt of THE SAME. Hartness out of the assets of the firm is in law regarded as voluntary and fraudulent as to the creditors of the co-partnership, is not in accord with the law as settled by prior adjudications of this court. We have held that property of a firm may, for a valuable consideration, be transferred to a partner, and held by him free from partnership debts. *The City of Maquoketa v. Willey*, 35 Iowa, 323. See, also, as bearing upon this point, *Scudder v. Delashmut*, 7 Iowa, 39; *Hawkeye Woolen Mills v. Conklin*, 26 Id., 422. In the case before us, the money of the firm was used in payment of the debt of Hartness. It was in fact the transfer of money of the firm for his benefit, and is not different in its effect and nature from a sale and transfer of firm property directly to him. It only remains for us to enquire whether the transaction was based upon a consideration.

We have shown that the consideration of the transaction was Hartness' remaining in the firm, instead of withdrawing 2. ——: ——: his interest and applying it to the payment of his consideration. debts. The inducement to this arrangement was the expectation and belief that through it the firm would be able to pay its debts, which could not be hoped if the capital and experience of Hartness were withdrawn. We think the agreement of Hartness to continue in the firm is a sufficient consideration, and the transaction, therefore, was not voluntary. While suspicion is cast upon the good faith of the transaction by the fact of the mortgage to Burton, the assignment, and demonstration of the utter insolvency of the firm, following in quick succession to the payment to the bank, yet the evidence shows that the arrangement under which Hart-

George et al. v. Wamsley et al.

ness continued in the firm was made about two months before the borrowing of the money and payment to the bank, which was done in pursuance of the prior agreement. The insolvency of the firm at that time is not shown.

V. The action was tried in the court below in the manner of a case in chancery, and is presented to us for a trial *de novo*. No question is raised by either party as to the regularity of these trials in this manner. We do not, therefore, enquire whether the proceedings as to the form of the trials were in harmony with the law.

3. PRACTICE in supreme court: trial de novo.

VI. The plaintiffs, in their pleadings controverting the answer of the garnishee, made certain persons who were sureties, or had executed securities, for the indebtedness of Hartness to the bank, defendants in this action, and prayed that, in case the bank should be discharged as a garnishee, the plaintiffs should have judgment against these persons, setting aside all payments and releases of the sureties, and be substituted to all rights originally held by the creditors of Hartness under these securities. Upon the motion of these persons, based upon the ground that they could not be made defendants as new parties and required to answer the equitable claim made by plaintiffs against them, they were discharged. The ruling of the district court, if incorrect, wrought no prejudice to plaintiffs, for the reason that, in the view we take of the case, the payment of the individual debt of Hartness to the firm was valid, being authorized by the laws. This being settled by our decision, it is plain that plaintiffs could have had no remedy on account of the securities upon debts of Hartness to the bank. The payment of the debts, of course, released the securities, and plaintiffs can claim no right thereto. The securities could not have been enforced, for the simple reason that the debts which they follow, and which give them life, were paid. The foregoing discussion disposes of all questions in the case.

4. ERROR without prejudice: no cause for reversal.

It is our conclusion that the judgment of the district court ought to be

AFFIRMED.