In re the Appeal of Albert Head from the action of the joint Boards of Supervisors of Greene and Calhoun Counties, Iowa, in establishing Drainage District No. Eight in Greene County and No. Fifty-five in Calhoun County, Iowa.

**Drainage:** JOINT ACTION OF COUNTY BOARDS: APPEAL: NOTICE: JURISDICTION.   Upon an appeal from the action of the boards of supervisors relating to the establishment of a drainage district extending into two or more counties, and respecting a matter concerning which the several boards are required to act jointly, the notice must be served upon the auditor of each county into which the district extends; and when served upon the auditor of only one of the counties the court does not acquire jurisdiction.

**Same:** RECORD OF BOARD PROCEEDINGS.   Mere failure of the auditor to keep a record of the proceedings relating to the establishment of· a drainage district in a separate drainage record book will not invalidate the proceedings.

**Inferior tribunals:** JURISDICTION: PRESUMPTION: BURDEN OF PROOF.   Jurisdictional facts need not be shown of record but will be assumed in support of the findings of tribunals of inferior and limited jurisdiction the same as in the case of courts of general jurisdiction; and the burden is upon the party attacking the jurisdiction of such a tribunal to overcome this presumption.

*Appeal from Greene District Court.*—Hon. F. M. Powers, Judge.

Saturday, December 19, 1908.

Rehearing Denied Tuesday, March 16, 1909.

This is an appeal from the action of the district court of Greene County in confirming and establishing a joint drainage district in Greene and Calhoun Counties created by the action of the boards of supervisors of said counties upon proper petitions filed according to law, which drainage district includes certain lands belonging to Albert Head, the appellant.—*Affirmed.*

*Wilson & Albert,* for appellant.

*M. Hutchinson* and *Howard & Howard,* for appellees.

Deemer, J.—Pursuant to law there were filed with the boards of supervisors of Greene and Calhoun Counties, Iowa, petitions, signed by eight or more persons, for the establishment of a drainage district comprising lands in both counties. With these petitions were bonds in statutory form signed by two of the petitioners. The board of supervisors of Greene County approved the bond and appointed one Forbes to act in conjunction with the commissioners to be appointed by the board of supervisors of Calhoun County. The board of supervisors of Calhoun County appointed one Mills to act as commissioner for it, and according to the return made by them these two appointed one Thompson, a competent engineer, to act with them. The three viewed the proposed district and recommended its establishment as prayed, with certain exceptions, which were stated. Accompanying their report was a map or plat showing the lands included, the courses and depths of the ditches or drains, and the character thereof, including the sizes of tiles to be used. They also gave an estimate of the cost and stated that the number of acres to be drained were 5,025. The report also contained the names of the owners of the lands within the district, and

some other matters not necessary to be mentioned at this time. Thereafter and during the month of September, 1906, the county auditor of Greene county caused notices to be served upon the parties owning lands within the district of the report of the commissioners and engineer, and that all claims for damages should be filed not less than five days before a joint meeting of the boards of the two counties, which was fixed for October 12, 1906, at the office of the county auditor in Greene County. These notices were served personally upon plaintiff and some thirty-two others, and by publication upon the remainder; the last of said publications being on September 20, 1906. Head filed objections to the establishment of the district with the auditor of Greene County, Iowa, on October 2, 1906, which embraced something like twelve grounds, and he also filed a claim for damages in the sum of $7,500. The boards of the two counties met on the day set in joint session and heard the objections to the establishment of the district, and, finding that claims for damages were on file, the meeting was adjourned until November 14, 1906, to be reconvened at the auditor's office in Greene County. The joint boards reconvened November 14, and the petitioners for the establishment of the ditch were permitted to amend their petitions to make them conform to the recommendations of the commissioners and the engineer, and after a full hearing it was found that the drainage districts known as No. 8 in Greene County and No. 55 in Calhoun County were necessary to the public health, benefit, utility, convenience, and welfare, and, in view of the claims for damages filed by Head and others, appraisers were appointed to award damages; they to report to the joint board at Rockwell City, in Calhoun County, on December 21, 1906, to which time and place the meeting was adjourned. The appraisers named entered upon the discharge of their duties and in due season made report of their findings, in which they awarded Head damages in the sum of $1,500.

Payment of these damages was guaranteed by one of the petitioners for the drain or ditch. On December 12, Head filed something like thirty more objections to the establishment of the district, in which he attacked all the prior proceedings, and also challenged the constitutionality of the law, and further objected to the allowance for damages. These objections were disregarded by the joint boards, the drainage district was established, and damages fixed according to the award of the appraisers. Further proceedings were also directed according to law. Albert Head appealed to the district court of Greene County from the action of the joint boards sitting in Calhoun County by filing bond with and giving notice to the county auditor of Greene and not with and to the auditor of Calhoun County. The auditor of Calhoun County did not certify a copy of the proceedings in his county, and, when the case was reached for trial in the Greene, County district court, appellees, the drainage district, and others moved to dismiss, for the reason that no full and complete transcript of the proceedings had been filed as required by law. Appellees also moved to dismiss the appeal because no notice was served or filed with the auditor of Calhoun County, and for the further reason that no bond was executed or filed with him as provided by law. It was also contended that no objections filed after October 12, 1906, could be considered. After a full hearing the trial court confirmed the action of the joint boards and dismissed Head's appeal. This appeal followed.

The first proposition in the case is the jurisdiction of the district court and of this court. It is contended that appellant, Head, should have given bond to and served notice of his appeal upon the auditor of Calhoun County, as well as upon the auditor of Greene County. This contention involves a construction of certain sections of the so-called drainage act, which we here set out either in substance or in extenso. Generally speaking, the board of

supervisors of the county in which the drainage district is to be established has exclusive original jurisdiction thereof, but it is provided by section 1949 of the Code that:

When the improvement petitioned for extends into or through two or more contiguous counties or parts thereof, the boards of supervisors of each of the counties, upon the presentation of the petition, shall appoint a commissioner, and the commissioners thus appointed, within twenty days after the selection of the one last named, shall meet and locate the same through or into said counties. They shall appoint a competent engineer, who shall have charge of the construction of the work, and with him shall make a survey of the proposed levee, ditch, drain, or change of water course, and make written return thereof to the county auditors of the several counties in which the location shall be made in whole or in part; which return shall in all respects be the same as is required in case of the location of such improvement in but a single county; and thereafter all subsequent proceedings relating to the condemnation or taking of land, the compensation therefor, damages on account of the work, assessment of lands for taxation, and in every other matter and thing, shall in all respects be the same as in like cases where the improvement is situated in but one county. Appeals in such case may be taken to the district court of the county where the land is situated.

Section 30, chapter 68, Acts 30th General Assembly (section 1989a(29), Code Supp. 1907), also contains this provision:

When the desired levee or drainage district extends into or through two or more counties and embraces land in two or more counties, the petition of one or more owners of land to be affected or benefited by such improvement shall be presented to the county auditor of each county into or through which said levee or drainage district will extend, accompanied by a bond to be filed with the county auditor of each of the said counties at the time of filing such petition, conditioned as provided when the district is

wholly within one county, in an amount and with sureties satisfactory to, and approved by, the board of supervisors. Upon the presentation of such petition and the approval of such bond, the board of supervisors of each of said counties shall appoint a commissioner, and the commissioners of the several counties thus appointed shall meet within ten days thereafter and appoint a competent engineer, and such commissioners and engineer shall together make a survey of the entire lands embraced in the district, and shall determine what improvement or improvements in the way of levees, drains, ditches or changing of natural water courses are necessary for the reclamation of the lands described in the said petition; the engineer shall make a plat of all of the lands of said district, showing thereon the proposed improvements, the elevations and levels of said lands, so far as he may deem necessary, and a profile of said levee, drains, ditches or changes in any natural water course and shall file a copy in the auditor's office of each of said counties, together with a full return of said commissioners and engineer, explaining the situation, describing the lands, the improvements, what effect said improvements will have upon the lands, of the district, the course and length of any levee, drain, ditch or change of any natural water course through each tract of land, the estimated cost of the same, the dimensions of said improvement together with the names of the owners of all lands included within said district, as shown by the transfer books in the auditor's office, and which in their opinion will be affected or benefited thereby, together with such other facts and recommendations as to them shall seem advisable, and especially whether or not in their judgment such levee or drainage district should be established. Immediately upon the filing of such return, plat and profile, if such recommends the establishment of the levee or drainage district, each county auditor of said counties shall cause the owners of the lands, as shown by the transfer books in the auditor's office, and also the person in actual occupancy of any lots or lands in the district and also each lien holder or other incumbrancer, as shown by the county records, of any land through or abutting upon which the proposed improvement extends, to be notified of the time and place where the boards of the several counties will meet in joint session for the considera-

tion of said petition and return.   Such notice shall be the same and served in the same time and manner as provided in this act when the levee or drainage district is wholly within one county.

Sections 31. 32, 33, 34 and 35 read in this wise:

Any person claiming damages as compensation for, or on account of, the construction of such improvement shall file his claim in writing therefor in the office of the county auditor of the county in which his land is situated, at least five days prior to the time at which the petition has been set for hearing, and on failure to file such claims at the time specified shall be held to have waived his right thereto.

At the same time set for hearing such petition the boards of the several counties shall meet at the place designated in said notice and sit jointly in considering the petition and proceed in the same manner as provided in section five of this act, except that if it becomes necessary to appoint appraisers, the boards of supervisors acting jointly shall appoint one appraiser from each county, and if said levee or drainage district extends into or through only two counties then the two appraisers shall choose a third, each of whom shall have like qualifications as provided where the improvement is wholly within one county and they shall then proceed in the same manner and make the same return as provided in section six of this act except that a copy thereof shall be filed in the auditor's office of each of the several counties.   After filing of the report of such appraisers' the further proceedings of the boards of' supervisors acting jointly shall be the same as in this act provided where the levee or drainage district is wholly within one county so far as applicable except as herein otherwise provided.

If the boards of supervisors, acting jointly, shall establish the levee or drainage district, they shall appoint a commission, one of whom shall be selected from each county and in addition thereto a competent engineer, each of whom shall have the same qualifications as provided where the district is wholly within one county; and said commission shall within twenty days go upon and view the premises

and classify the same as hereinbefore provided where the district is wholly within one county, and in addition thereto shall make an equitable apportionment of the costs, expenses, cost of construction, fees and damages assessed for the construction of such improvement or of the repairing or reopening the same, and make report thereof as provided where the improvement is wholly within one county, except a copy of said report shall be filed with each of the several county auditors. Immediately upon the filing of such report the several county auditors, acting jointly, shall cause notice to be served of the time when and the place where the boards of supervisors will meet and consider such report, which notice shall be the same and served in the same time and manner and all proceedings thereon shall be the same as provided where the district is wholly within one county, except after the amount to be assessed and levied against the several parcels or tracts of land shall have been apportioned and finally determined, the several boards of supervisors acting separately, and within their own counties, shall proceed to levy and collect the taxes thus apportioned in the same manner as provided where the district is wholly within one county, and they may issue improvement certificates or may sell bonds for the full amount of the benefits apportioned to such county.

If the boards of supervisors, acting jointly, shall establish such levee or drainage district, the auditors of the several counties shall immediately thereafter, acting jointly, cause notice to be given of the time and place of the meeting of the boards for letting the contract or contracts for the construction of the improvement. The notices, bond and all other proceedings in relation to letting the contract or contracts shall be the same as in this act provided where the district is wholly within one county, except that the several boards shall act jointly.

At the time of establishing the levee or drainage district the boards of supervisors shall appoint a competent engineer to have charge of the construction of the work, and they shall fix his compensation therefor, and he shall before entering upon and taking charge of said work give bond to the counties for the use and benefit of the levee or drainage district approved by the boards of supervisors, in such sum as they may direct, conditioned for the faith-

ful discharge of his duties.  The engineer in charge of the work shall furnish the contractor monthly estimates of the amount of work done on each section and the amount due from each county, a duplicate of which shall be filed with the auditor of each of the several counties.  Upon the filing of such statement each auditor shall draw a warrant, or deliver to him improvement certificates, as the case may be, in favor of the contractor for eighty per centum of the amount due from his respective county.  When said improvement is completed to the satisfaction of the engineer in charge and accepted by the boards of supervisors, the engineer in charge shall certify such fact to the several county auditors and each county auditor shall draw a warrant in favor of the contractor, or deliver to him improvement certificates, for the balance due from his respective county.

Section 36, with reference to appeals, reads thus:

Any person or persons aggrieved shall have the right to appeal in the same time and in the same manner as provided when the district is wholly in one county, except that if the appeal is taken from the action of the boards in establishing the levee or drainage district, such appeal may be taken to the district court of either county in which the district or some part thereof is located.  If said appeal is from the award of damages or assessment of benefits the appeal shall be taken to the district court of the county in which the land affected is located.

Section 38 provides that:

Whenever the district is located in two or more counties, the boards of supervisors shall have power and authority to adjourn from time to time and meet in special session and in all cases shall have the same jurisdiction, power and authority as provided where the improvement is wholly within one county, and all proceedings shall be the same so far as applicable and not herein otherwise provided.

Sections 1940-1946 and section 1989a(3) of the Code

Supplement of 1907 provide for notices to the owners of land which is to be taken into the drainage district, personal upon residents and by publication on nonresidents, also notices of like kind after the engineer has made his report giving his estimate of expenses and damages suffered and fixing a time for the hearing and for the filing of objections.   And by section 1989a(3) it is also provided that:

If at the date set for hearing before the board of supervisors, it should appear that any person entitled to notice, as provided in this section, should not have been served with notice for the time, or in the manner as provided herein, the board may postpone said hearing and set another time for the same, and notice of such day of hearing may be served on such omitted parties in the manner and for the same length of time, as provided in this section, and by fixing said new day for hearing and by adjourning said proceedings to said time, the said board of supervisors shall not be held to have lost jurisdiction of the subject matter of said proceeding, nor of any parties so previously served with notice.

By section 1989a(5) it is provided that:

The board of supervisors at the session set for the hearing on said petition, which session may be regular, special or adjourned, shall thereupon proceed to hear and determine the sufficiency of the petition in form and manner (matter), which petition may be amended as to form and substance at any time before final action thereon, and, if deemed necessary, the board may view the premises and if they shall find that such levee or drainage districts would not be for the public benefit or utility nor conducive to the public health, convenience or welfare, they shall dismiss the proceedings; but, if they shall find such improvement conducive to the public health, convenience or welfare, or to the public benefit or utility and no claim shall have been filed for damages as provided in section four hereof, they may if deemed advisable locate and establish the same in accordance with the recommendations of the engineer, or they may refuse to establish the same as they may deem

best, and at said hearing, the board may order the said engineer or new engineer appointed by them if deemed advisable, to make further examination and report to said board as to said proposed improvement, and if they determine that further examination and report shall be made, or if claims have been filed for damages, as provided in section four hereof, then the board of supervisors shall proceed no further than to determine the necessity of the levee or drainage districts and further proceedings shall be continued to an adjourned, regular or special session, the date of which shall be fixed at the time of the adjournment; and the county auditor shall appoint three appraisers to assess such damages who shall be disinterested freeholders of the county and not related to any party interested in the proposed improvement nor themselves interested in a like improvement; and the engineer appointed by the board of supervisors shall accompany said appraisers and furnish such information as may be called for by the appraisers concerning the survey of said improvement.

There are several sections relating to appeals. In 1898a(6), Code Supp. 1907, it is provided:

Any aggrieved party may appeal from the finding of the board in establishing or refusing to establish the improvement district or from its finding in the allowance of damages to the district court by filing notice with the county auditor at any time within ten days after such finding, at the same time filing a bond with the county auditor, approved by him, and conditioned to pay all costs and expenses of the appeal unless the finding of the district court shall be more favorable to the appellant or appellants than the finding of the board, which appeal shall be tried in the district court as an ordinary proceeding, except that when the appeal is from the order of the board in establishing or refusing to establish the levee or drainage district, it shall be tried as in equity and the appearance term shall be the trial term. If the appeal is from the amount of damages allowed, the amount ascertained in the district court shall be entered of record, but no judgment shall be rendered therefor. The amount thus ascertained shall be certified by the clerk of said court to

the board of supervisors, who shall thereafter proceed as if such amount had been by it allowed the claimant as damages. If the appeal is from the action of the board in establishing or refusing to establish said drainage district, the court shall enter such order as may be proper in the premises, and the clerk of said court shall certify the same to the board of supervisors, who shall proceed thereafter in said matter in accordance with the order of the court. How the costs shall be distributed among the litigants and against whom the same shall be taxed shall rest in the discretion of the trial court.

Section 1989a(14) also provides for an appeal and contains a further provision with reference to the record, which will be observed from its reading:

An appeal may be taken to the district court from the order of the board fixing the assessment of benefits upon the lands in the same manner and time as herein provided for appeals from the assessment of damages. The appeal herein provided shall be tried in the district court as an action in equity and the appearance term shall be the trial term; and when several appeals are taken and pending in the district court by landowners of the same drainage district whose lands have been assessed by the board, the court may, in its discretion, order the consolidation of such cases, and try the same as one cause of action. When any appeal is taken from any order of the board made in any drainage proceeding coming before it for action, it shall be the duty of the board to employ counsel to represent the interests of the drainage district affected by said appeal on the trial thereof in the appellate courts and the expense thereof shall be paid out of the drainage fund of such district. The board shall provide a book to be known as the 'Drainage Record' and the county auditor shall keep a full and complete record therein of all proceedings in each case and upon an appeal being taken shall make a full and complete transcript thereof and transmit the same to the clerk of the district court on or before the first day of the term to which the appeal shall be taken.

It has seemed necessary, in view of the claims made

by the respective parties, to set out these statutes at length.
It is conceded that appellant, Head, filed no bond with and
gave no notice to the auditor of Calhoun
County, and that his appeal is not simply
from the award of damages, but to the es-
tablishment of the drainage district or to
the inclusion of his lands therein.   As the
action from which the appeal is taken is a joint one of the
two boards, and as all persons whose lands are included are
interested in the proceedings, and neither board can act
without the concurrence of the other, and as the final ac-
tion of the district court, under the power given it by
statute, might very materially affect the orders made by
the respective boards in joint session, we think the notice
of appeal should have been given to the auditor of each
county.   Without such notice, the district court had no
jurisdiction to enter an order made by the two boards in
joint session.   The Calhoun County board was not noti-
fied of the appeal, and the district court on appeal had no
jurisdiction over it.   Neither board had authority to repre-
sent the other.   Joint action was necessary, and, as a com-
plete record is to be kept in each county, it seems clear,
from a reading of the statutes, that to give the district
court jurisdiction to annul or modify the action of the
joint boards it must have jurisdiction thereover by the
proper notice.   Neither auditor may properly be said to
represent any one but his own county or those living there-
in.   The exact point for decision is a construction of the
statutes quoted, in the light of some fundamental rules,
and nothing is to be gained from further argument.   As
the district court of Greene County had no jurisdiction of
the matter, we do not have on appeal and this is an end
to the controversy.   However, we may with propriety add
that we have gone over the points made by appellant's coun-
sel and discover no reason for disturbing the order of the
trial court.

1. Drainage:
joint action
of county
boards:
appeal:
notice:
jurisdiction.

Appellant objects to the proceedings because the auditor of Calhoun County did not keep a record of the proceedings there in a separate drainage record book, as by statute provided. It does appear, however, that all the proceedings with reference to this joint drainage district were recorded in the minutes or record of the proceedings of the board of supervisors of his county, and that he duly filed in his office and presented at the trial all petitions, reports, objections, papers, etc., filed with him. This appeal is from the joint action of the boards of the two counties, and in his objections originally filed appellant made no objection to the record of the proceedings in Calhoun County. This matter was attempted to be covered in the additional objections filed by him after the time had elapsed for the filing of objections. Moreover, the record discloses full jurisdiction on the part of the joint boards of the subject-matter and of the persons, and the failure of the auditor, a mere ministerial officer, to enter the proceedings upon a proper book, would not defeat that jurisdiction. By section 47 of the so-called drainage act (Acts 30th General Assembly, chapter 68), it is provided:

2. Same: record of board proceedings.

The provisions of this act shall be liberally construed to promote the leveeing, ditching, draining and reclamation of wet, overflown or (of) agricultural lands; the collection of the assessments shall not be defeated, where the proper notices have been given, by reason of any defect in the proceedings occurring prior to the order of the board of supervisors locating and establishing the levee, ditch, drain or change of natural water course provided for in this act, but such order or orders shall be conclusive and final that all prior proceedings were regular and according to law unless they were appealed from. But if upon appeal the court shall deem it just and proper to release any person or modify his assessment or liability, it shall in no manner affect the rights or liability of any person other than the appellant; and the failure to appeal from the order of the board of supervisors of which complaint is made shall be

a waiver of any illegality in the proceedings and the remedies provided for in this act shall exclude all other remedies.

It has never been held that failure to record the proceedings of a judicial or *quasi* judicial tribunal in a proper book defeats its jurisdiction.

Moreover, it is provided, in section 4648 of the Code, that: "The proceedings of all officers and courts of limited and inferior jurisdiction within the state shall be presumed regular, except in regard to matters required to be entered of record, except where otherwise expressly declared." This gives the same force and effect to proceedings of tribunals of inferior and limited jurisdiction as applies to courts of general jurisdiction; that is to say, jurisdictional facts need not be shown by the record, but will be assumed in support of the findings. In support of a judgment or decree it is presumed that notice essential to the validity of the court's action was given, and that process was regularly and properly served or appearance made. The same presumption obtains by reason of the statute to the proceedings of inferior tribunals. *Loving v. Pairo,* 10 Iowa, 282; *Pursley v. Hayes,* 22 Iowa, 11; *Wright v. Marsh,* 2 G. Gr. 94.

3. INFERIOR TRIBUNALS: jurisdiction: presumption: burden of proof.

These suggestions answer appellant's proposition that the records do not show proper notice to the landowners required by the statutes quoted. Notice, either personal or by publication, is shown to all parties in interest; but it is argued that, as no affidavit of nonresidence or of other facts justifying service by publication is shown, the boards were without jurisdiction. The burden was upon appellant to show that none such were made or filed, and this he did not do. Hence he did not overcome the presumption which obtains in such cases. The case is distinguishable from *McBurney v. Graves,* 66 Iowa, 314, in that there was no notice or proof of publication filed in that case,

as there was here, and no recitation of proper service. Appellant's positions are somewhat inconsistent. His counsel say that no notice of appeal was necessary to be served upon Calhoun County, and no transcript of the records was required from that county, and, on the other hand, they are insisting that, in the absence of a proper and complete record of the proceedings from that county, there was no jurisdiction over the drainage matter. Both of these propositions can not, in the nature of things, be correct. As we view it, notice was necessary to the proper authorities of Calhoun County in order to give the district court jurisdiction, and, on the other hand, a complete record of the proceedings in Calhoun County is not essential to the validity of the proceedings. The burden was upon appellant to show that the landowners were not properly served with notice of the proceedings.

Complaint is made of the report and plat made and returned by the commissioners. We have examined it with care, and find no such defects as to invalidate the proceedings. The provisions of the law relating thereto were substantially complied with. The case is materially different from *Zinser v. Board,* 137 Iowa, 660, and other like cases relied upon by appellant. Plaintiff's land was, in our judgment, properly included in the drainage district, and we discover no errors which will justify a reversal.

The order and judgment of the trial court must be, and they are, *affirmed.*