C. J. COOPER, Appellant, v. CALHOUN COUNTY, IOWA; DRAINAGE DISTRICT No. 3, OF CALHOUN COUNTY; JOINT DRAINAGE DISTRICT No. 31, OF CALHOUN COUNTY, and No. 36, OF WEBSTER COUNTY.

FRED WELLS, Appellant, v. CALHOUN COUNTY ET AL.

JOHN R. NESS, Appellant, v. CALHOUN COUNTY ET AL.

W. H. STEYEN, Appellant, v. CALHOUN COUNTY ET AL.

**Drainage:** APPEAL FROM ASSESSMENT: NOTICE AND BOND: WHERE FILED. In taking an appeal from the joint action of boards of supervisors of two counties, allowing damages for the construction of drains in a district extending into the two counties, the notice of appeal and bond should be filed with the auditor of the county in which the land is situated and assessed, and from which assessment the appeal is taken; it is not necessary to file the notice and bond with the auditor of the other county.

*Appeal from Calhoun District Court.*—HON. F. M. POWERS, Judge.

WEDNESDAY, JULY 5, 1911.

IN pursuance of a petition for the establishment of a drainage district including lands in Calhoun and Webster Counties, accompanied by the necessary bonds, commissioners were appointed who named an engineer and reports with plats as required by section 1989-a29 of the Code Supplement were filed. The respective boards of supervisors met, selected the plan recommended, directed notices to be published as required which was done, and each of the appellants filed a claim for damages, Cooper for $5,000, Steyen for $3,000, Wells for $4,000, and Ness for $2,500.

Thereafter appraisers were duly appointed and filed their report, and the boards of supervisors, after having caused notices to be served fixing the time of hearing, ordered the construction of the ditch according to the plan as finally adopted and fixed the amount of damages to be paid Cooper at $400, Wells at $200, Steyen at $127.50, and Ness at $300. Thereupon each served notice of appeal from such allowance by filing the same with the auditor of Calhoun County, together with a sufficient bond. By agreement, the auditor made but one transcript of the proceedings, which was duly filed with the auditor. A motion to dismiss each appeal for that notice thereof and bond were not filed with the auditor of Webster County was sustained, and each appeal dismissed at the cost of appellant. From this order each claimant has appealed to this court.— *Reversed.*

*Kelleher & O'Connor,* for appellants.

*Hutchinson & Jacobs,* for appellees.

LADD, J.—The drainage district as established extends into Calhoun and Webster Counties. The lands of appellants were situated in Calhoun County, and their claims for damages thereto were filed with the auditor of that county. The boards of supervisors of the two counties fixed the amounts to be allowed on the several claims at much less than demanded, and thereupon the claimants undertook to appeal to the district court of Calhoun County by filing notices of appeal with cost bonds with the auditor of that county. Their appeals were dismissed on motion for that they had not filed notices of appeal with cost bonds with the auditor of Webster County also. This ruling was based on *Appeal of Head,* 141 Iowa, 651. But we do not regard that decision as controlling. That was an appeal from an order establishing a drainage district; this is an appeal

from an order fixing the amount of damages to be allowed a claimant. Preliminary to the establishment of a drainage district, extending into more than one county, a petition praying therefor accompanied by a cost bond must be filed with the auditor of each of the counties, the board of supervisors of each county must appoint a commissioner, and the commissioners with an engineer appointed by them must make a survey with plat and report the same, filing a copy with the auditor of each county. Section 1989-a29, Code Supp. The proceedings up to the establishment of the drainage district are conducted through the respective representatives of the several counties, and an appeal from the order of the boards in joint session in establishing the district may be to the district court of any of the counties. On the other hand, claims for damages are to be filed with the auditor of the county only in which the land is situated, and the appeal is to the district court of that county. Sections 1989-a30, and 1989-a35, Code Supp. For the reason that up to the joint meeting of the several boards for the establishment of the district the procedure even to the giving of notice to those interested in the lands included therein is by counties or their representatives, and the court to which appeal from such order may be taken is not designated farther than that it may be that of any of the counties, it was thought that notice of appeal and bond should be filed with the auditor of each county in order to confer jurisdiction on the district court to which the appeal is sought to be taken. Otherwise appeals might be effected to the county in each of the several counties, and the question as to which or whether all acquired jurisdiction rendered difficult of determination. If notices of appeal are filed with the auditor of each county, the question of priority is easily ascertained, and necessarily this would determine which court has acquired jurisdiction to review the finding of the boards in joint session. But, as said, claims for damages are filed with the auditor of the

county in which the land which will be injured is situated, and appeal from the allowance thereof is to the district court of that county only. No purpose would be served by filing a notice of appeal or another sufficient cost bond with the auditor of another county. As a copy of the report of appraisers is filed with the auditor of each county, it is to be inferred that the clerk of the district will so certify the amount of damages as determined by the court. The statutes bearing on the questions discussed are set out in the opinion in the *Appeal of Head, supra,* but, to the end that there may be no doubt as to our conclusion, those bearing directly on the question involved may be quoted.

Section 1989-a30, Code Supp. "Any person claiming damages as compensation for, or on account of, the construction of such improvement shall file his claim in writing therefor in the office of the county auditor of the county in which his land is situated, at least five days prior to the time at which the petition has been set for hearing and on failure to file such claims at the time specified shall be held to have waived his right thereto." The section following enacts that the boards of supervisors acting jointly shall appoint an appraiser from each county, and, if but two, they shall choose a third, and the three shall proceed to appraise the damages and report as directed by sections 1989-a5 and 1989-a6 of the Code Supplement, save that a copy of the report shall be filed in the auditor's office of each county. Section 1989-a35: "Any person or persons aggrieved shall have the right to appeal in the same time and in the same manner as provided when the district is wholly in one county, except that if the appeal is taken from the action of the boards in establishing the levee or drainage district, such appeal may be taken to the district court of either county in which the district or some part thereof is located. If said appeal is from the award of damages or assessment of benefits, the appeal shall be taken to the district court of the county in which the land

affected is located." The time and manner of appealing referred to is found in section 1989-a6, Code Supplement, as follows: "Any party aggrieved may appeal from the finding of the board in establishing or refusing to establish the improvement district or from its finding in the allowance of damages to the district court by filing notice with the county auditor at any time within ten days after such finding, at the same time filing a bond with the county auditor approved by him, and conditioned to pay all costs and expenses of the appeal unless the finding of the district court shall be more favorable to the appellant or appellants than the finding of the board, which appeal shall be tried in the district court as an ordinary proceeding, except that when the appeal is from the order of the board in establishing or refusing to establish the levee or drainage district, it shall be tried in equity and the appearance term shall be the trial term. If the appeal is from the amount of damages allowed, the amount ascertained in the district court shall be entered of record, but no judgment shall be rendered therefor. The amount thus ascertained shall be certified by the clerk of said court to the board of supervisors, who shall thereafter proceed as if such amount had been by it allowed the claimant as damages." It seems clear from these sections that, although the appeal is from the joint action of the boards of supervisors, inasmuch as the claim was to be filed with the auditor of the county only in which the land which will be injured is situated and the appeal is to the district court of that county, the filing of the notice of appeal and bond with the auditor of that county would be sufficient, and this is in plain compliance with the language of the statutes quoted. Certainly this is "in the same manner" as an appeal would be effected were the district wholly within that county, and such is the express requirement of the statute.

We are of opinion that the court erred in dismissing the several appeals, and its order in each case is *reversed*.