D. Ormonde Ritchie, J.
In this action a declaratory judgment is sought declaring the rights of the parties in a proposal to lease a municipally owned airport.
The plaintiff Lamb was the lessee in a prior lease that terminated July 31, 1956. The plaintiff, East Hampton Airport, Inc., Lamb’s corporation, is an applicant for a sequential lease of the airport which is owned by the Town of East Hampton. The defendant Town Board is vested with authority to lease the airport by virtue of section 352 of the General Municipal Law.
Pursuant to that section the board published notice of a public hearing to be held for the consideration of a proposal made by the defendant Hampton Airways Corporation to lease the airport, and following the hearing held pursuant to the notice, adopted a resolution approving a lease of the airport to that defendant.
Presently before the court for determination are plaintiffs’ application for an injunction restraining execution of the lease pending adjudication of this action for declaratory judgment and defendants’ motion for judgment dismissing the complaint upon the grounds specified in subdivision 4 of rule 106 of the Rules of Civil Practice. The defendants’ motion will be considered first.
. Inter alia the complaint alleges that the resolution of the defendant Town Board proposing to lease the airport to the defendant Hampton Airways Corporation does not propose the execution of a lease embracing terms in accordance with those stated to be considered at the hearing held, pursuant to the notice, in that the terms were subsequently changed and altered, thus rendering the resolution void, it being plaintiffs’ contention that section 352 requires that as a prerequisite to *804 the approval and execution of such a lease, the terms of which vary from those proposed for consideration in the notice of public hearing that hearings under the original notice be held open until discussion of those terms was had, or in the absence thereof that a new notice of public hearing be published in order to afford full discussion of all terms of the proposal to lease.
It is the board’s position that it fully complied with section 352 in that the notice of public hearing contained the general terms and conditions of the proposal to lease made by defendant Hampton Airways Corporation; that a public hearing was held, pursuant thereto, and that publication of the notice setting forth the general provisions of the lease and the holding of the hearing were all that was required by the section.
Attacking that position of the board, the plaintiffs challenge the partiality of the Supervisor presiding at the hearing and assert that his actions thereat were violative of the requirements of the section in that they were destructive of the legal interpretation of a public hearing.
In ruling upon the first contention, the court can read no requirement in the section that would obligate the board to steps other than those taken. Subdivision 5 of section 352 directs that a legislative body may lease a municipally owned airport ‘ ‘ provided, however, that no such lease or contract shall be made until the governing body of the municipality shall have held a public hearing in respect thereto on at least ten days notice published in two newspapers having a general circulation in the municipality, and provided further that any lease of an entire airport or landing field, or contract for the operation of an airport or landing field shall be for a term not exceeding ten years and shall expressly provide that the said airport or landing field shall be used only for aviation purposes and for other purposes required for or necessary to the efficient and successful operation of an airport or landing field, upon such terms as shall require the operation of the same as a public airport or landing field for the general use of the public and for the benefit of such city, county, village or town.”
The procedure directed was followed. That there were extraneous discussions of terms not set forth in the notice of hearing does not invalidate the actions of the board. To hold otherwise would be to divest the board of an opportunity to enter into a lease most advantageous to the township and to compel publication of a lease, the terms of which could in no wise be varied, however the variation or variations would benefit the township.
*805 As to the conduct of the hearing, after examining the charges and countercharges made by the parties -to this action and their representatives, the court is compelled to an expression of disapproval of the Supervisor’s actions at the hearings, which culminated in the adoption of the resolution. A statutory direction that a notice of public hearing be published means that a fair and impartial hearing be held pursuant to such notice and that all interested parties attending the hearing be accorded an opportunity to be heard, plaintiffs’ version of the hearing, which is not contradicted herein, indicates that a public hearing as defined in accordance with the above-stated norms was not held. Although the published notice stated that the purpose of the hearing was for consideration of a proposed lease of the airport to the defendant Hampton Airways Corporation, prior to the hearing the Supervisor accepted a written offer to lease the airport made by the plaintiff East Hampton Airport, Inc. This acceptance had the effect of nullifying the restriction contained in the notice, which limited the hearing to a consideration of the proposal made by Hampton Airways Corporation and of opening the hearing to an unrestricted consideration of a proposal to lease the airport to any prospective lessee making application therefor. Despite this transition from a restricted hearing to an open hearing, the Supervisor, it is charged and not contradicted, attempted to limit the hearing in accordance with the notice, and refused to accord those present an opportunity to express their preference of a lessee until other members of the board prevailed upon him to permit such expression.
However its disapproval of the conduct of the hearing, the court is here faced with determining whether an action for declaratory judgment is a proper and adequate remedy in light of the entire situation presented herein. If a declaratory judgment will serve a useful purpose in that it will end the controversy between the parties, stabilize their legal relations and fix their legal rights, the court will entertain the action.
An examination of the decisions of Special Term involving entertainment in actions for declaratory judgments reveals an extreme lack of concurrence. However, it would appear from the decisions that they are uniform in requiring that as a prerequisite to entertainment of an action for declaratory judgment the judgment must be determinative of the rights of the parties and finally terminate the controversy. If inadequate to fix the rights of the parties and finally determine the controversy, the court will decline to entertain the action.
In the instant action, the board was and is empowered by section 352 of the General Municipal Law to lease the airport *806 here involved. The propriety of the actions of the Supervisor is insufficient to entitle the plaintiffs to maintain an action for the relief sought. The issue raised herein involves an exercise of statutory municipal authority and may be the basis of a cause of action for declaratory judgment only where the constitutionality of the statute pursuant to which the municipality is purporting to act and its applicability to the subject matter is challenged, i.e., that an action for a declaratory judgment will lie in a situation where the controversy relates to the powers of the municipality to act at all. A determination in favor of plaintiffs would not finally determine the rights of plaintiffs and render further proceedings unnecessary. Certainly it could not direct the board to lease the airport to the plaintiff corporation and fix the terms and provisions of the lease. Where only the propriety of a municipality’s actions, rather than its validly authorized power to act, is in question there is no authority for the maintenance of an action for declaratory judgment.
The defendants’ motion for judgment dismissing the complaint is granted, and the temporary stay heretofore granted herein is vacated.