Peter A. Quinn, J.
Petitioner, in this article 78 proceeding, seeks to annul the revocation of a second-hand automobile dealer’s license issued to Brody’s Auto Wreckers, Inc., on February 1,1961 for the period February 1,1961 to January 31, 1962, on the ground that such revocation was arbitrary, unjust, unfair and discriminatory.
Section 773 of the New York City Charter provides: “a. The commissioner shall have cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and cancelling of all licenses and permits ’ ’. Section B32-127.0 of the Administrative Code of the City of New York provides for the granting of licenses to act as a dealer in secondhand articles Section B32-130.0 provides: “a. It shall be unlawful for any dealer in second-hand articles to carry on his business at any place other than the one designated in such license ”. Section 773a-7.0 of the Administrative Code of the City of New York provides:
‘ ‘ a. The commissioner is empowered to hear and determine complaints against licensees, and to suspend or revoke any license or permit issued by him.
•M, 41. M,
W W IP
“ c. The commissioner when investigating any matters pertaining to the granting, issuing, transferring, renewing, revoking, suspending or cancelling of any license is authorized in *467 his discretion to take such testimony as may he necessary on which to base official action.”
It appears that the petitioner was originally licensed to do business (on a 100 by 100-foot lot owned by it) on May 5, 1960 and that on February 1,1961 a renewal application was approved and the license extended for another year to expire January 31, 1962. On or about June 1, 1961 the Commissioner of Beal Estate of the City of New York wrote to the Commissioner of Licenses complaining that the petitioner had enlarged and extended its operation to city-owned property without the authority and permission of the City of New York. The City of New York instituted a summary proceeding against petitioner in the Municipal Court, First District, Borough of The Bronx, which on August 14, 1961, resulted in a final order in favor of the City of New York. The Department of Buildings, as a result of complaints made by the owners of adjacent residential properties, proceeded against petitioner by court action for a violation of the Building Code relating to the occupancy of real property contrary to the zoning regulations. This resulted in Pat Simone, president of Brody’s Auto Wreckers, Inc., being fined $10 in the Municipal Term Part of the City Magistrates’ Court on January 31,1961. On June 7,1961, the Commissioner of Licenses wrote the following letter :
June 7, 1961
SHD#497372 (Autos)
Brody’s Auto Wrecker Inc. ,' ‘
1215-17 Randall Avenue .
Bronx 59, 1ST. Y.
Gentlemen:
This is to notify you that your Second-Hand Dealer’s License (Automobiles) issued for the above location, has this day been revoked because you are occupying City property without permission.
Very truly yours,
Bernard J. O’Connell, Commissioner.
It may be noted that the revocation was dated June 7, 1961 while the final order in the summary proceeding granting to the City of New York the undisturbed possession of its property was dated August 14, 1961.
The pertinent statutes, although empowering the Commissioner of Licenses to hold hearings, do not require that he do so before revoking a license.
It is clear that the effect of the revocation of the petitioner’s license is to preclude it from carrying on its customary business, since without it it may not lawfully continue such business. *468 Although the statutes empowering the Commissioner of Licenses to revoke a secondhand automobile dealer’s license do not expressly require that such license be withdrawn only upon notice and an opportunity to be heard, it is not necessary that they do so. Where the exercise of a statutory power adversely affects property rights — as it does in the present case — the courts have implied the requirement of notice and hearing, though the statutes are silent. Where a statute empowers an agency to revoke a license because of a failure to comply with or because of willful or knowing violation of the regulations of that agency, then the administrative act is of a judicial nature. A party whose rights are to be determined must be fully apprised of the claims against him and must be given the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal (Matter of Hecht v. Monaghan, 307 N. Y. 461).
Respondent urges that the situation in this proceeding is distinguishable in that petitioner committed acts which were open, notorious, deliberate and unlawful and that such acts became documented in the records of both the Departments of Real Estate and Buildings. It is contended that these acts were such that the Commissioner of Licenses could properly determine without a hearing that petitioner was not a fit and proper party to continue to enjoy the privilege of doing business as a secondhand automobile dealer. 1 ‘ ‘ To one who protests against the taking of his property without due process of law, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits ’ ” (Matter of Hecht v. Monaghan, supra, p. 470, quoting Coe v. Armour Fertilizer Works, 237 U. S. 413, 424).
The only issue to which this court addresses itself on this application is whether the denial of a hearing constituted abuse of discretion and an arbitrary, capricious exercise of the administrative function.
It is the view of this court that the petitioner should have been accorded a hearing. No other question is here decided.
The revocation of petitioner’s license is annulled and the matter remitted to the Commissioner of Licenses for further proceedings consistent with this decision.