AUGUST J. SCHULTZ et al., appellants, v. BOARD OF ADJUSTMENT
OF POTTAWATTAMIE COUNTY et al., appellees; FREDERICK
S. CASSMAN, trustee, et al., intervenors-appellees.

No. 51954.

(Reported in 139 N.W.2d 448)

JANUARY 11, 1966.

REHEARING DENIED MARCH 7, 1966.

Richard C. Turner, of Council Bluffs, for appellants.

Frederick J. Kraschel, of Council Bluffs, for appellees.

Hess, Peters & Sulhoff, of Council Bluffs, for intervenors-appellees.

RAWLINGS, J.—Plaintiffs appeal from judgment annulling certiorari and, in effect, approving a conditional use permit is-

sued by defendant board of adjustment pursuant to provisions of a county zoning ordinance.

In accordance with chapter 358A, Code, 1962, the Pottawattamie County Board of Supervisors enacted a zoning ordinance which was in effect at all times here concerned. By that ordinance a board of adjustment was established, hereinafter sometimes referred to as the board. Section 358A.10, Code, 1962.

This ordinance gave to the board authority to grant or deny conditional use permits.

Intervenor Frederick S. Cassman, trustee, owned a 200-acre tract of land located about seven miles north of Council Bluffs, south of and abutting the privately owned Mormon Bridge Road, and immediately east of the Missouri River. This land was leased to intervenor Carl J. Meese.

Plaintiffs owned and lived on lands adjoining or near the Cassman property.

Intervenor Meese filed application for a sanitary landfill conditional use permit, notices were given, hearings held, investigations made, and the permit was granted subject to 17 conditions or restrictions.

By their original petition plaintiffs alleged the action and decision of the board was illegal and unwarranted. After a writ of certiorari had been ordered by the trial court, plaintiffs amended their petition challenging the constitutionality of portions of the ordinance and asserting an unconstitutional delegation of legislative power to the board.

I. We entertain this appeal only on errors assigned, with the findings of the trial court having the force and effect of a jury verdict. Deardorf v. Board of Adjustment, 254 Iowa 380, 383, 384, 118 N.W.2d 78.

And errors not assigned will not be considered. Associates Discount Corp. v. Held, 255 Iowa 680, 683, 684, 123 N.W.2d 869.

On appeal plaintiffs allege: (1) section 29 of the ordinance, and more particularly the conditional use power delegated therein allowing a garbage dump in a general manufacturing district is invalid; and (2) if section 29 is invalid, there can be no dump in a general manufacturing district because it is not a use permitted outright by section 28 of the ordinance.

For the most part plaintiffs argue the ordinance, and more particularly section 29, is invalid and ineffective because no legally good or sufficient guidelines are provided controlling the conditional use of property for a landfill dump site, or governing the board in denying or granting a sanitary landfill conditional use permit.

II. The term "conditional use" employed in a zoning ordinance means provisional use for a purpose designated by the ordinance itself; a grant of right for any use specified by the ordinance subject to finding by an administrative officer or board that the use is proper, essential, advantageous or desirable to public good, convenience, health or welfare. It is neither the equivalent of nor should it be confused with "variances". Tustin Heights Assn. v. Board of Supervisors, 170 Cal. App.2d 619, 339 P.2d 914, 919, and 101 C. J. S., Zoning, sections 272–274, pages 1037–1040.

III. The properties owned by plaintiffs and intervenor Cassman are in a district classified as general manufacturing (G-M) which is the least restrictive of any zoned districts.

Section 358A.15, Code, 1962, provides in substance, boards of adjustment shall have the power: (1) to hear and determine appeals; (2) to hear and determine special exceptions to the terms of any ordinance; and (3) to authorize, upon appeal in specific cases, such variance from the terms of any ordinance as will not be contrary to the public interest.

However, plaintiffs claim the ordinance improperly delegates legislative powers to the board. We cannot agree.

In Chicago, R. I. & P. R. Co. v. Liddle, 253 Iowa 402, 406, 407, 112 N.W.2d 852, this court held a board of adjustment acting pursuant to a zoning ordinance exercises administrative or quasi-judicial powers. We also there said the delegation of authority to a board of adjustment to act upon applications for conditional use of land must be accompanied by reasonably adequate guidelines or standards governing the action of such a board. See also Essick v. City of Los Angeles, 34 Cal.2d 614, 213 P.2d 492, 498; Wheeler v. Gregg, 90 Cal. App.2d 348, 203 P.2d 37, 46, 47; 101 C. J. S., Zoning, section 274, page 1039;

58 Am. Jur., Zoning, section 194, page 1046; and annotations, 58 A. L. R.2d 1086.

IV. We look then to the ordinance for answer to our question.

The preamble provides in part: "An ordinance dividing the unincorporated area of Pottawattamie County, Iowa; to regulate and restrict therein the location, erection, construction, reconstruction, alteration and use of buildings, structures and land, for industry, business, trade, residence and other uses;"

And, section 2 is as follows: "*Purpose.* The purpose of this ordinance is to promote the public health, safety, comfort and general welfare; to conserve the values of property throughout the county; to facilitate the provision of water, sewage, schools and other public requirements; and to lessen and avoid congestion in the public streets and highways."

Then the pertinent portions of section 29 provide: "*Conditional Uses Permitted.* The following conditional uses are permitted in a G-M district when authorized in accordance with the requirements of Sections 35 through 41:"

"(9) Garbage, offal or dead animal reduction or dumping."

Nineteen other specific conditional uses are enumerated.

The remaining relevant provisions of the ordinance are as follows:

"SECTION 35. Authorization to Grant or Deny Conditional Uses. Uses designated in this ordinance as conditional uses permitted shall be permitted or enlarged or altered upon approval by the Board of Adjustment in accordance with the standards and procedures specified in Sections 35 through 41. Change in use, expansion or contraction or lot area, or alteration of structures or uses classified as conditional uses existing prior to the effective date of this ordinance shall conform to all regulations pertaining to conditional uses."

"SECTION 36. Application for a Conditional Use. A request for a conditional use or modification of an existing conditional use may be initiated by a property owner or his authorized agent by filing an application with the administrative officer upon forms prescribed for the purpose. The application shall be accompanied by a site plan, drawn to scale, showing the dimensions

and arrangement of the proposed development, and a fee of $5.00. The administrator may require other drawings or material essential to an understanding of the proposed use and its relationship to surrounding properties."

"SECTION 38. Recommendation of the Board of Adjustment. The Board of Adjustment in reviewing an application for a conditional use may consider the most appropriate use of the land; the conservation and stabilization of the value of property; adequate open space for light and air; concentration of population; congestion of public streets; the promotion of the public safety, morale, health, convenience, and comfort; and the general welfare of the persons residing or working in the neighborhood of such use. In addition to the general requirements of this ordinance, in granting a conditional use, the Board of Adjustment may recommend conditions be attached which it finds are necessary to carry out the purpose of this ordinance. These conditions may increase the required lot or yard, control the location and number of vehicular access points to the property, limit the number of signs, limit coverage or height of buildings because of obstruction to view and reduction of light and air to adjacent property, and require screening and landscaping where necessary to reduce noise and glare and maintain the property in a character in keeping with the surrounding area. The Board of Adjustment shall make its findings and recommendations in writing within 40 days after the hearing on the proposed conditional use or modification on existing conditional use."

Section 41, to the extent here applicable, provides: "Standards Governing Conditional Uses. A conditional use shall ordinarily comply with the standards of the district concerned for principal uses permitted outright except as specifically modified by the Board of Adjustment in granting the conditional permit * * *."

Our task is to determine whether sections 2, 38 and 41 of the ordinance contain reasonably adequate standards for guidance of the board in acting upon a conditional use application.

Plaintiffs claim section 38 is by its terms simply permissive and does not mandatorily impose adequate standards or guidelines. There is no substance to this contention.

Of course, the word "may" normally implies permissive rather than mandatory action or conduct. John Deere Waterloo Tractor Works v. Derifield, 252 Iowa 1389, 1392, 110 N.W.2d 560. However, the word has been and is to be construed as mandatory, or the equivalent of "shall" where logic and context so require. Thorson v. Board of Supervisors, 249 Iowa 1088, 1095, 90 N.W.2d 730; Struhm v. City Council of City of Berkeley, 229 Cal. App.2d 278, 40 Cal. Rptr. 230, 232; and Dilger v. School District, 222 Ore. 108, 352 P.2d 564, 568.

It is evident that by use of the word "may" in section 38 of the ordinance the enacting body meant the board shall consider such of the standards set forth as may be applicable to a given situation. This is reasonable and understandable. The standards set forth are necessarily general in nature and not all of them would be applicable in every situation involving the grant or denial of a conditional use permit.

This court has previously expressed its views on this subject. In Wall v. County Board of Education, 249 Iowa 209, 228, 86 N.W.2d 231, we said:

"Our mode of life has become so complex that many boards, administrative agencies and departments have been created to render proper governmental service to our citizenry. The details involved in this service are so numerous, complicated and changeable that for the legislature to enact them in detail would not only be impractical, but impossible. We recognize that the legislature cannot delegate its purely legislative powers. However, it may declare general rules as to functions and powers of boards, commissions and administrators of departments. Authority as to details and promulgation of rules and regulations to carry out legislative directions and policies may be delegated."

Then in Lewis Consolidated School District v. Johnston, 256 Iowa 236, 247, 127 N.W.2d 118, 125, this court found no guidelines were provided, but acknowledged the adequacy of general standards, quoted from Wall v. County Board of Education, supra, and then added the following observation: "We also know that the trend of modern decisions is to liberalize the setting of standards and to require less exactness in regard to them in legislative enactments."

■ And in Anderson v. Jester, 206 Iowa 452, 460, 221 N.W. 354, we said: "If the reasonableness of the classification established by the ordinance or of the exception or variance granted by the board of adjustment is fairly debatable, and not clearly arbitrary, the judgment of the local authorities will not be disturbed by the courts. Zahn v. Board of Public Works, 274 U. S. 325; 3 McQuillin on Municipal Corporations (2d Ed.), Section 1050."

■ V. Clearly section 29 of the ordinance specifically permits conditional use of land in a general manufacturing district for garbage, offal or dead animal reduction or dumping. A sanitary landfill so qualifies. Department of Health v. Roselle, 34 N. J. 331, 169 A.2d 153, 162.

■ So in the case at hand the board, guided by sections 2 and 38 of the ordinance, was required to give due and proper consideration to the most appropriate use of the land; conservation and stabilization of the value of the property; and promotion of public safety, morale, health, convenience, comfort and general welfare. As an additional safeguard in issuance of a permit the board was authorized to attach such reasonable conditions as it found necessary and proper to effectuate and carry out the intent and purpose of the ordinance. This was done.

We are satisfied the ordinance before us contained general but constitutionally adequate and reasonably sufficient guidelines governing the grant or denial of a conditional use permit for operation of a sanitary landfill. Florka v. City of Detroit, 369 Mich. 568, 120 N.W.2d 797, 800; Smith v. City of Brookfield, 272 Wis. 1, 74 N.W.2d 770, 773; Case v. City of Los Angeles, 218 Cal. App.2d 36, 32 Cal. Rptr. 271, 276; Application of Good Fellowship Ambulance Club, 406 Pa. 465, 178 A.2d 578, 579; Jennings v. Connecticut Light & Power Co., 140 Conn. 650, 103 A.2d 535, 536; Oursler v. Board of Zoning Appeals, 204 Md. 397, 104 A.2d 568, 570; Holy Sepulchre Cemetery v. Town of Greece, 191 Misc. 241, 79 N. Y. S.2d 683, 688; and State ex rel. Pruzan v. Redman, 60 Wash.2d 521, 374 P.2d 1002, 1008, 1009. See also annotations, 58 A. L. R.2d 1114–1124.

This then means section 29 of the ordinance was constitutionally proper, valid and served to give the board good and

lawful authority to grant or deny a conditional use permit to intervenor Meese for a sanitary landfill.

Furthermore, there is nothing before us which discloses any unwarranted, illegal, unfair, unreasonable or arbitrary action on the part of the board in granting such a permit.

VI. Plaintiffs have asserted the doctrine of "expressio unius est exclusio alterius" should be applied in this case. Their contention is based upon the premise section 29 of the ordinance pertaining to conditional uses is invalid; that unavoidable resort must then be had to section 28 of the ordinance which lists uses permitted outright in a general manufacturing district; that a dump or landfill is not one of the uses so listed; and therefore no garbage dump or landfill can be permitted in a general manufacturing district.

This theory falls of its own weight for it erroneously assumes the invalidity of section 29, which we have already found to be valid, lawful and proper.

VII. These conclusions find more than a modicum of support in other provisions of the ordinance and chapter 358A of the Code. Sections 37 and 40 of the ordinance require notice of hearing upon any conditional use application, and that a hearing be held. Also, section 39 of the ordinance and section 358A.12, Code, 1962, require the keeping of records of all proceedings by the board. Then Code section 358A.12 provides all meetings shall be open to the public. And finally, Code sections 358A.18–358A.22 provide persons aggrieved may secure a court review by certiorari of any board decision. See annotations, 58 A. L. R.2d 1101.

VIII. We conclude the trial court was correct in annulling the writ of certiorari.—Affirmed.

All JUSTICES concur.