Clark A. DEPUE, III, Ruth E. Depue, Reynold P. Jurgensen, Ivalyn K. Jurgensen, Harold L. Kirk, Arlene Kirk, Leonard Nelken, Lorene F. Nelken, Brice C. Oakley and Betty J. Oakley, Appellants,

v.

CITY OF CLINTON, Iowa, W. H. Stocking and Americana Nursing Homes, Inc., Appellees.

No. 52978.

Supreme Court of Iowa.

Sept. 5, 1968.

Lane & Waterman, Davenport, for appellants.

Richard W. Farwell, Clinton, for appellee City of Clinton.

Alan H. Mayer, Clinton, for appellees W. H. Stocking and Americana Nursing Homes, Inc.

BECKER, Justice.

Plaintiffs, by petition for declaratory judgment and injunctive relief, seek to set aside a resolution of the city council of Clinton, Iowa, granting a special use permit authorizing the construction of a 58 bed nursing home on real estate near or ad-

jacent to residential property owned by plaintiffs. After full-hearing on the merits the trial court declared the action of the city council to be valid and denied injunctive relief. We disagree.

We think this case must turn on our construction of Chapter 414, Code, 1966. We therefore shorten the statement of facts to bare essentials.

Defendant Americana Nursing Homes, Inc. took an option on a 28 room house situated on a three acre tract located quite near downtown Clinton. This home and acreage had been zoned R-1 residential by Clinton's recently adopted 1965 zoning ordinance. The district is entirely residential except for a nearby nursing home and hospital. Due to the topography and wooded nature of the territory the area affords maximum privacy considering its urban location. Plaintiffs are neighboring property owners who were practically unanimous in their protests.

On March 7, 1966 Americana first petitioned the city council to rezone the three acre tract from R-1 (single family residences only) to R-3 (which permits nursing homes). The matter was referred to the city plan commission which recommended against the requested rezoning on April 27, 1966. The council did not act on the petition.

Apparently at the suggestion of one of the councilmen, Americana then applied to the council on May 23, 1966 for a special use permit. This was also referred to the city plan commission. On June 22, 1966 a public hearing, on notice, was held by the commission which, on June 28, 1966, recommended against granting a special use permit.

The city council has a three man planning committee composed wholly of council members. The members of this committee provide council liason with the city plan commission and attend all the latter's meetings. This committee submitted its own report. Noting that the city plan commission had recommended the request for a special use be denied, the committee then recommended the request be granted.[1]

On July 25, 1966 with all council members present a resolution was passed granting the request. There was no further public hearing before the council itself and the several interested citizens were present when the resolution was passed but did not specifically ask to be heard before the council voted. The matter was never referred to the board of adjustment for any purpose.

I. Chapter 414, Code, 1966 deals with municipal zoning and is the pertinent chapter here. It authorizes the council to adopt comprehensive zoning plans and regulations, and provides for notice and public hearing before the comprehensive laws are adopted and amended.

The chapter mandates the appointment of two official bodies; (1) a zoning commission, the function of which is to make recommendations to the council on adoption of the plan and to make like recommendations in connection with amendments thereto,[2] and (2) a board of adjustment, ordered to be created by section 414.7.

"414.7 Board of adjustment. The council shall provide for the appointment of a board of adjustment and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that the said board of adjustment may in appropriate cases and subject to appropriate

---

1. Appropriate factual findings required by ordinance were made. Since the case does not turn on this point we do not repeat them here.

2. The council may appoint a city plan commission as the zoning commission under the terms of section 414.6. Apparently

that was done here as the council did refer matters to the city plan commission. However neither the zoning ordinance nor any other record entry shows the plan commission to have been appointed as the zoning commission, as required by statute.

conditions and safeguards make special exceptions to the terms of the ordinances in harmony with the general purpose and intent and in accordance with general or specific rules therein contained and provide that any property owner aggrieved by the action of the council in the adoption of such regulations and restrictions may petition the said board of adjustment direct to modify regulations and restrictions as applied to such property owners."

Section 414.12 states: "Powers. The board of adjustment shall have the following powers:

"1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this chapter or of any ordinance adopted pursuant thereto.

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Section 414.15 provides for review of the decisions of the board of adjustment by way of application for certiorari presented to *a court of record.* The chapter provides for no appeal *to the city council* from the action of the board of adjustment.

When the city adopted its new zoning ordinance in 1965 it provided in section 20 for applications *to the city council* for what were termed "special uses." It also provided in section 22 for creation of a board of adjustment for "special exceptions" to be granted by that board on appeal from action of administrative officers and for variances which could be granted by the board under certain conditions.[3] Both sections are quite long. In the interest of brevity we do not reproduce them here but refer only to their salient factors.[4]

The key issue in this case is whether the statute allows the city to allocate jurisdiction over "special uses" to the council and "special exceptions" to the board of adjustment. First, does the term "special exceptions" include "special uses?" If so, is the jurisdiction of the board of adjustment, conferred by sections 414.7 and 414.-12, an exclusive jurisdiction? We think the answers to both questions are affirmative, thus section 20 of the ordinance is invalid and the action of the city council under that section is likewise invalid.

II. Chapter 414 was first construed in Anderson v. Jester, 206 Iowa 452, 221 N.W. 354. We upheld the validity of the statute and in doing so at pages 458 and 459, 221 N.W. at page 357 analyzed the respective roles of the zoning board and of the board of adjustment in the legislative scheme. "Standard zoning laws quite uniformly provide for a zoning commission, to hold hearings and make report to the city council. 3 McQuil.Mun.Corp. (2d Ed.) § 1032. On such report, the city council adopts an ordinance defining the boundaries and describing the various uses that may be made of the land in the use districts laid out, and the height of the structures in the height area districts. * * * In order to avoid an unreasonable and arbitrary and unconstitutional operation of the law in specific in-

3. Failure to provide original jurisdiction in the board of adjustment for special exceptions, see sections 414.7 and 414.12, raises a serious question which we need not consider here.

4. While the record shows that a board of adjustment was created it does not show the council appointed members to that board. However, since there was no reference to the board of adjustment in the evidence the question of whether the board was actually implemented by appointment of members is immaterial.

stances, and also to provide a local board to pass upon individual cases, resort is had to a zoning board of appeal, or in this state to the board of adjustment.

"* * *

"Section 6464 [now 414.13] empowers the board [of adjustment] in conformity with the provisions of the chapter, to make 'such order, requirement, decision, or determination as ought to be made.'

"The board of adjustment exercises administrative and quasi judicial power. In re Appeal of Head, 141 Iowa 651, 665, 118 N.W. 884; Harden v. City of Raleigh, 192 N.C. 395, 135 S.E. 151; Norcross v. Board of Appeal, 255 Mass. 177, 150 N.E. 887."

We have no doubt creation of a board of adjustment is mandatory. The board having been created, its jurisdiction is fixed by statute, not by city ordinance. Deardorf v. Board of Adjustment, 254 Iowa 380, 118 N.W.2d 78, 80:

"The power to permit variances which the zoning ordinance delegates to the board is less broad than that delegated by the state statute, supra. There can be little doubt that power conferred on the board by state statute may not be limited by city ordinance. Insofar as this ordinance conflicts with section 414.12, subd. 3, the statute controls. Mabank Corp. v. Board of Zoning Appeals, 143 Conn. 132, 120 A.2d 149, 150–151; St. Onge v. City of Concord, 95 N.H. 306, 63 A.2d 221, 222–223; 101 C. J.S. Zoning § 10; 58 Am.Jur., Zoning, § 7; 5 McQuillin Municipal Corporations, Third Ed., § 15.20, pages 96–99. See also Town of Randolph v. Gee, 199 Iowa 181, 201 N. W. 567."

In Call Bond and Mortgage Co. v. City of Sioux City, 219 Iowa 572, 259 N.W. 33 after analyzing the position of the board of adjustment we held that the jurisdiction to review nonarbitrary action of the city inspector in revoking a building permit was solely and exclusively in the board of adjustment.

The foregoing cases all indicate an interpretive history for Chapter 414 which would require the city to place what we have called the quasi judicial function of granting special exceptions in the board of adjustment. This interpretation is buttressed by legislative provision for review of the board's action by the *courts*, not by the council.

III. Does the term "special exception" as used in the statute include the term "special use" as used in the ordinance. We hold that it does.

In 2 Rathkopf, The Law of Planning and Zoning, 1966 at page 54–1, the term "special exception use" is used with the following explanatory footnote #1. "Although, in this chapter we adhere to ordinary terminology and use the term 'special exception use' or 'special exception permit,' it should be pointed out in the beginning that this term is a misnomer. As will be made clear in this chapter, no 'exception' is made to the provisions of the ordinance in permitting such use; the permit granted is for a use specifically provided for in the ordinance in the case in which conditions, legislatively prescribed, are also found. A much more accurate description would be 'conditional use' permit."

In Schultz v. Board of Adjustment, 258 Iowa 804, 807, 139 N.W.2d 448 in construing our county zoning statute, Chapter 358A, which uses "special exceptions" in exactly the same context as used in Chapter 414, we said: "The term 'conditional use' employed in a zoning ordinance means provisional use for a purpose designated by the ordinance itself; a grant of right for any use specified by the ordinance subject to finding by an administrative officer or board that the use is proper, essential, advantageous or desirable to public good, convenience, health or welfare. It is neither the equivalent of nor should it be confused with 'variances'. Tustin Heights Assn. v. Board of Supervisors, 170 Cal.App.2d 619, 339 P.2d 914, 919, and 101 C.J.S. Zoning §§ 272–274, pages 1037–1040."

Also in 50 Iowa Law Review, 367, 399, 400, Land-Use Controls—The State and Local Programs, Professor Cunningham uses the following language: "Since World War II, however, most courts have come to recognize that a 'special exception' permits in a particular district a use not otherwise permitted when certain conditions specifically set out in the ordinance are satisfied by the board to exist. A 'variance,' on the other hand, relaxes the zoning regulations when literal enforcement would result in 'unnecessary hardship.'

"* * *

"The statutory 'special exception' technique seems to provide an effective way to handle land uses whose 'side effects' may affect an entire neighborhood, entire zoning district, or even the entire community, * * *." We are satisfied from our examination of the statute and the terminology used by the courts and other authorities in dealing with zoning problems that "special exceptions" includes "special uses", and that both must be placed within the jurisdiction of the board of adjustment.

IV. This construction of our statute is consistent with our interpretation of the fifth sentence of the second paragraph of section 368.2, Code, 1966, which reads: "However statutes which provide a manner or procedure for carrying out their provisions or exercising a given power shall be interpreted as providing the exclusive manner of procedure and shall be given substantial compliance, * * *" See Lloyd E. Clarke, Inc. v. City of Bettendorf, Iowa, 158 N.W.2d 125, Richardson v. City of Jefferson, 257 Iowa 709, 134 N.W.2d 528 for our interpretation of the effect of the above quoted sentence.

V. In its approach to this feature of the case; i. e. the power of the city to allocate jurisdiction over some special exceptions to the council, defendant city relies heavily on Schultz v. Board of Adjustment, supra, and several cases from other jurisdictions. Each of these cases involves action by a board of adjustment (or equivalent under the nomenclature used in the particular state). None involves action in this area by the council itself. While plaintiffs' emphasis on lack of hearing and notice may, in the first instance, have obscured their point that section 20 of the ordinance illegally bypassed the board of adjustment the point was there and was recognized by the trial court in its opinion, "The objections of plaintiffs may be divided into categories. * * * 2. That Section 20 of the ordinance exceeds the authority granted to the city under Chapter 414 of the Code of Iowa and, * * *". For the reasons set out we must disagree with the trial court's finding that section 20 did not exceed the authority granted in Chapter 414, Code, 1966.

We need not pass on whether failure to provide an independent body to pass on special exception permits would violate Article III, Of The Distribution Of Powers, Section 1, of our state constitution for the legislature itself has provided the separation. Cf. Detroit Osteopathic Hosp. Corp. v. City of Southfield, 377 Mich. 128, 139 N.W.2d 728; Ward v. Village of Skokie, 26 Ill.2d 415, 186 N.E.2d 529, at 532 (concurring opinion).[5] Nor do we pass on other points raised by plaintiffs. This case must be and is reversed and remanded for entry of final judgment consistent with this opinion.

Reversed and remanded.

All Justices concur except LeGRAND, J., who takes no part.

---

5. The point made in those cited cases is that where a legislative body establishes standards in advance, the application of those standards to a specific situation is an administrative or quasi-judicial act. The application cannot be handled by the legislative body that created the standards without danger of contravening the separation of powers doctrine. When the Iowa legislature mandated a board of adjustment, whose members are appointed for long terms on a staggered basis, and provided for appeal directly to the courts, it eliminated the objection. Thus the constitutional issue does not arise.