Ernest VOGELAAR et al., Appellants,

v.

POLK COUNTY ZONING BOARD OF AD-
JUSTMENT and Des Moines Metropolitan
Area Solid Waste Agency, Charles Vander
Linden, Chairman and Director, Appellees.

No. 54818.

Supreme Court of Iowa.

July 27, 1971.

Howard S. Life and Patrick Life, Oskaloosa, for appellants.

Robert B. Scism, Des Moines, for appellee Polk County Zoning Board of Adjustment.

David S. Sather, Des Moines, for appellee Des Moines Metropolitan Area Solid Waste Agency.

REYNOLDSON, Justice.

The trial court sustained the action of defendant Polk County Zoning Board of Adjustment in issuing a permit for construction of a sanitary landfill to defendant Des Moines Metropolitan Area Solid Waste Agency. Plaintiffs are landowners and residents in the area of the landfill site. They appeal and we affirm.

The landfill property is a 400 acre tract known as the Pomerantz farm. It is located approximately seven miles East of the Des Moines City limits in Polk County, Iowa. The real estate is in an unincorporated area zoned A–1, Agricultural District, under the county zoning ordinance. This ordinance provides for establishment of garbage disposal and dumps, including landfills, on property zoned A–1, but only by special permit following a public hearing.

The viability of the Waste Agency, created by a number of municipalities pursuant to chapter 28E, Code, 1971, was recognized by this court in Goreham v. Des Moines Met. Area Solid Waste Agency, 179 N.W.2d 449 (Iowa 1970). Responding to acute needs and to chapter 406, Code, 1971 (requiring the establishment of a sanitary solid waste disposal facility by every town, city and county), the Waste Agency purchased the Pomerantz farm and applied to defendant Board of Adjustment for a special use permit to construct a sanitary landfill. Following a public hearing on May 21, 1970, the board issued the requested permit subject to certain conditions and restrictions.

On June 15, 1970, plaintiffs filed a petition for writ of certiorari under provisions of § 358A.18, Code, 1971, alleging the defendant board had acted illegally in granting the special use permit.

The petition named only Polk County Zoning Board of Adjustment as defendant. Because it was initially omitted as a party, the Waste Agency maneuvered without success to have the case dismissed. The court then on its own motion ordered the agency to be brought into the cause as an indispensable party under rule 25, Rules of Civil Procedure.

Exercising its discretion to hear evidence pursuant to § 358A.21, Code, 1971, the court received testimony of Waste Agency's investigations and studies relating to the construction and operation of the landfill. Testimony was adduced from which the court found the geophysical composition of the Pomerantz farm will not allow surface water to penetrate through to the permanent water table. Evidence indicated the planned operation will prevent percolating waters from flowing through deposited waste and contaminating the local water supply. Burning on this site will be prohibited. The erection of barrier fences will prevent blowing matter from being carried away from the area. Each day's waste, projected to be 300 truck loads, will be sealed in cells

in a manner eliminating leakage from one to another. In addition, defendant agency plans to limit esthetic impairment by screening the landfill site with stockpiled fill dirt and trees.

Following the testimony the trial court held there was substantial evidence to support defendant board's decision to issue the permit. Plaintiffs' petition was dismissed and the writ annulled by ruling entered November 3, 1970.

Plaintiffs' 13 page brief, citing no case authority, presents three issues relied upon for reversal. These are (1) the decree of the trial court is contrary to the provisions of subsection 3 of § 358A.15, Code, 1971, (2) the decree of the trial court is contrary to the public interest, (3) the decree of the trial court allows the creation of a public nuisance contrary to the provisions of chapter 657, Code, 1971.

■ I. Plaintiffs assert the decree of the trial court is contrary to the provisions of subsection 3 of § 358A.15. This contention exposes plaintiffs' confusion concerning the powers of defendant board itemized under § 358A.15. The section cited relates solely to powers of the county zoning board of adjustment, not to powers of a reviewing trial court.

Further, analysis of the application made by the Waste Agency to defendant board subsumes the action under the *original jurisdiction* granted in subsection 2, § 358A.15. Under subsection 2 the board of adjustment is authorized to hear and decide *special exceptions* to the terms of the ordinance.

In contrast, under subsection 3 of § 358A.-15, the board is given power to authorize *upon appeal,* in specific cases, such *variance* from the terms of the ordinance as will not be contrary to the public interest. Under § 358A.13 *appeals* to a board of adjustment may be taken by any person aggrieved or by any county officer, department, board or bureau affected *by a decision of the administrative officer.*

■ As used in the context of zoning ordinances, a "variance" is authority extended to the owner to use property in a manner forbidden by the zoning enactment, where literal enforcement would cause him undue hardship; while an "exception" allows him to put his property to a use which the enactment expressly permits. Moody v. City of University Park, 278 S.W.2d 912, 919–920 (Tex.Civ.App.1955). See also Rosenfeld v. Zoning Board of Appeals, 19 Ill.App.2d 447, 450, 154 N.E.2d 323, 325 (1958).

The two concepts are well clarified in Depue v. City of Clinton, 160 N.W.2d 860, 864 (Iowa 1968). In that decision we quoted with approval the following from Cunningham, Land-Use Control—The State and Local Programs, 50 Iowa L.Rev. 367, 399–400:

"Since World War II, however, most courts have come to recognize that a 'special exception' permits in a particular district a use not otherwise permitted when certain conditions specifically set out in the ordinance are satisfied * * *. A 'variance', on the other hand, relaxes the zoning regulations when literal enforcement would result in 'unnecessary hardship'."

■ The "special use permit" granted defendant waste agency falls within the modification authorized by § 358A.15(2) and is a "special exception", rather than a "variance" authorized by § 358A.15(3). Plaintiffs' argument that trial court's ruling was contrary to § 358A.15(3) misses its mark completely. The proceeding was under § 358A.15(2) throughout.

■ II. Plaintiffs next contend trial court's holding is contrary to the public interest. This issue was not raised below unless it can be read into the allegations of subparagraph 2(a) (4) of the petition that the landfill operation will cause pollution of atmosphere and water. The trial court concluded the issuance of the special permit was proper, essential, and ad-

vantageous to the public good. The scope of our review thus becomes important. Although review in the district court is de novo in the sense that testimony in addition to the return may be taken if it appears to the court necessary for proper disposition of the matter, the testimony should rightfully be confined to questions of illegality raised by the petition for the writ of certiorari. Section 358A.21, Code, 1971; Deardorf v. Board of Adjustment of Plan. & Zon. Com'n., 254 Iowa 380, 383, 118 N.W. 2d 78, 80 (1962) (interpreting analogous § 414.18, Code, 1971). Here the cause was tried at law below, pursuant to court ruling from which neither party appeals. Our general rule that this would confine our review to assignments of error and not be de novo is applicable. Flynn v. Michigan-Wisconsin Pipeline Company, 161 N.W.2d 56 (Iowa 1968). In spite of his ruling that the case be tried as a law action, the trial court judge denoted his order as a "Judgment and Decree" and the parties persist in referring to "propositions" in their briefs. See rule 344(a) (3), Rules of Civil Procedure. However, we have held repeatedly in similar appeals our review is on assigned errors only. Zilm v. Zoning Board of Adjustment, Polk County, 260 Iowa 787, 150 N.W.2d 606 (1967); Jersild v. Sarcone, 260 Iowa 288, 149 N.W.2d 179 (1967); Schultz v. Board of Adjust. of Pottawattamie Co., 258 Iowa 804, 139 N.W.2d 448 (1966). The findings of fact by the trial court, set out above, are supported by substantial evidence and are binding on this court. Rule 344(f) (1), R.C.P.

■ This court also notes defendants' affirmative contention that a sanitary landfill is commensurate with the public policy of the State of Iowa. Section 406.3, Code, 1971, makes mandatory upon every city, town and county the establishment of a sanitary solid waste disposal project. Sanitary landfills have been held by this court to qualify as a bona fide waste disposal method in Schultz v. Board of Adjust. of Pottawattamie Co., 258 Iowa 804, 139 N.W.2d 448 (1966). Plaintiffs do not demonstrate the proposed landfill conflicts with the requirements of § 406.3. This coupled with trial court's substantiated findings of fact referred to above compel this court to hold the proposed landfill not contrary to the public interest.

■ III. The remaining issue advanced by plaintiffs, that the landfill would create a public nuisance contrary to chapter 657, Code, 1971, was stipulated out of the case by the parties at trial. Plaintiffs' counsel readily so conceded in argument before us, observing that this ground was reserved "for another lawsuit". An issue not presented to or passed upon by the trial court cannot be raised or reviewed on appeal. Rouse v. Rouse, 174 N.W.2d 660 (Iowa 1970); Volkswagen Iowa City, Inc. v. Scott's Incorporated, 165 N.W.2d 789 (Iowa 1969).

The judgment of the trial court must be affirmed. In view of this holding we do not find it necessary to decide the questions raised in the cross-appeal filed by the Waste Agency.

Affirmed.

All Justices concur.