**Dale BUCHHOLZ et al., Appellants,**

v.

**BOARD OF ADJUSTMENT OF BREMER COUNTY, Appellee.**

No. 54835.

Supreme Court of Iowa.

June 29, 1972.

William B. Mooney, Waverly, for appellants.

Richard L. Kemming, Waverly, for appellee.

LeGRAND, Justice.

This zoning dispute arises over the application of the Board of Supervisors of Bremer County for a special use permit to establish and operate a sanitary landfill.

The defendant board of adjustment granted the request and plaintiffs, who own land in close proximity to the proposed landfill, brought certiorari under section 358A.18, The Code, asserting the action of the defendant was illegal and void. A writ issued to the defendant and after a return was filed—about which we say more later—a motion to dismiss the petition was sustained on the ground it contained "no recital of any fact * * * which would permit a finding the action of the defendant Board of Adjustment was either illegal or arbitrary in nature." This appeal is from that order of dismissal. We reverse the trial court and remand for further proceedings consistent with this opinion.

I. Before stating the reasons for reversing the trial court, we should settle one matter about which the parties have been in disagreement. Plaintiffs argue

that the board of supervisors sought a variance. The defendant insists the application requested a special use permit. The matter assumes importance because the procedural requirements depend on which it is. We have discussed the difference between variances and special uses several times recently. A variance authorizes a party upon a showing of undue hardship to use his property in a manner forbidden by the zoning ordinance. A special use permit, on the other hand, allows property to be put to a purpose which the zoning ordinance *conditionally* allows. Vogelaar v. Polk County Zoning Board of Adjustment, 188 N.W.2d 860, 862 (Iowa 1971); Depue v. City of Clinton, 160 N.W.2d 860, 864 (Iowa 1968); Schultz v. Board of Adjustment of Pottawattamie County, 258 Iowa 804, 807, 139 N.W.2d 448, 450 (1966).

In the present case the board of supervisors asks permission to operate a landfill in an A-agricultural district. Section 15 of the Bremer County Zoning Ordinance, which is hereafter set out, makes provision for such use if the conditions there specified are fulfilled. We are dealing, therefore, with a special use request, not a variance, and we give no further attention to plaintiffs' insistence to the contrary.

II. Turning, then, to the procedure under which a special use permit may be granted, we find section 358A.10, The Code, provides in part that a "Board of Adjustment may, in appropriate cases, and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance or regulations in harmony with its general purpose and intent and in accordance with the general or specific rules therein contained." As part of the specific powers of the board of adjustment, section 358A.15, The Code, authorizes that body "to hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance." Perhaps we should mention we have held "special use" to mean the same as "special excep-

tion" as used in the statute. Depue v. City of Clinton, supra, 160 N.W.2d at 863; Vogelaar v. Polk County Zoning Board of Adjustment, 188 N.W.2d at 862.

The zoning ordinance adopted by the board of supervisors carries out these statutory directives. Section 15 of the ordinance, which deals with special uses, provides in part as follows:

"*Special Uses.* The Board of Adjustment may by special permit after Public Hearing authorize the location of any of the following buildings or uses in the districts and according to regulations specified below. Before approval of any of the following uses, the Board of Adjustment shall refer the application to the County Zoning Commission which Commission shall hold a Public Hearing and shall be given forty-five (45) days in which to make a report regarding the effect of such proposed building or use upon the character of the neighborhood, traffic conditions, public utility facilities and other matters pertaining to the general welfare. Notice of Hearing by the Commission shall be given to all property owners within five hundred feet (500') of the boundary of the property on which the special use is to be located by placing a notice in the United States mail at least ten (10) days prior to the Hearing. Notices shall contain the time and location of said Hearing. * * *

"A. * * *

"B. * * *

"C. Garbage disposal and/or refuse dumps. "A" and M-Districts.

"D. * * *"

Our prior decisions have interpreted "garbage disposal and/or refuse dumps" —the term used in the ordinance—to include a sanitary landfill. Vogelaar v. Polk County Zoning Board of Adjustment, supra, 188 N.W.2d at page 863; Schultz v. Board of Adjustment, supra, 258 Iowa at page 811, 139 N.W.2d at page 452.

Under both the statute and the ordinance, it is the board of adjustment, not the zoning commission, which authorizes a special use. The zoning commission simply conducts a preliminary hearing and passes its recommendations on to the board of adjustment, which may adopt, reject, or modify them in whole or in part.

█ The writ of certiorari was, of course, directed to the defendant board of adjustment, the body whose action is challenged. However, the return to the writ disclosed only the proceedings before the *zoning commission*. There is nothing to show the action taken by defendant. Under these circumstances, we cannot agree with the trial court's finding that the record showed defendant had fully complied with section 15 of the ordinance. The record—the return to the writ of certiorari—shows *nothing* as far as the defendant's conduct is concerned.

Both chapter 358A, The Code, and the Bremer County Zoning Ordinance impose certain procedural restrictions on the defendant. (Sections 358A.12, 358A.17, The Code.) The zoning ordinance contains substantially the same provisions. In addition the ordinance specifies the defendant may act only after public hearing, a requirement we discuss later.

█ Zoning is an exercise of police power and the legislative authority under which a governmental unit acts is to be strictly construed. Anderson v. City of Cedar Rapids, 168 N.W.2d 739, 742 (Iowa 1969) and citations; 101 C.J.S. Zoning § 212, page 974.

Under this record, we hold the trial court had insufficient information upon which to sustain the motion to dismiss plaintiffs' petition.

Under somewhat similar circumstances we have remanded to the trial court with directions to take such evidence as would permit it to make the factual determination necessary to its decision. State v. Denato,

173 N.W.2d 576, 579 (Iowa 1971), and authorities there cited.

Because the trial court did not have before it a return by the defendant upon which to make a determination as to the legality of the action taken, we reverse and remand with instructions that defendant be directed to file its return to the writ of certiorari as provided in section 358A.-20, The Code. Thereafter the trial court shall take such further action as is appropriate under the circumstances disclosed by the return.

III. While this disposes of the appeal, it does not reach the real merits of the case. Since the same questions will be present on remand, we express our view of that portion of section 15 of the Bremer County Zoning Ordinance heretofore set out which authorizes the board of adjustment to grant a special use permit "after Public Hearing." This is the issue upon which this case must ultimately turn.

The controversy resolves itself to this: Is defendant required to conduct its own public hearing? Or does the ordinance refer to that public hearing which the zoning commission was directed to hold before making its recommendations to the board of adjustment? To state the problem more simply, does the ordinance demand *two* public hearings, or only *one*?

█ We conclude the plain meaning of the ordinance is that each body shall conduct a public hearing. To defendant's argument this is "ridiculous" we can only answer that it is not unusual to provide for separate hearing when two boards or commissions act on zoning matters. (See section 358A.8, The Code.) Cf. Smith v. City of Fort Dodge, 160 N.W.2d 492, 496 (Iowa 1968). We might also say it is not our function to determine the wisdom of the provision, only its meaning.

The language of the ordinance affords no reason to say the public hearing held by the zoning commission is the one which section 15 of the ordinance referred to in

decreeing the defendant can act on a special use permit only after public hearing. We hold the zoning commission must hold a public hearing and thereafter make its recommendations to the board of adjustment, which may act on the recommendations only after holding its own public hearing.

■■ Nor may this requirement be satisfied by simply holding a public meeting. The ordinance directs a public *hearing*, not a public *meeting*. A hearing affords more substantial rights than does a meeting. A hearing requires that interested parties be given an opportunity to appear and object. Black's Law Dictionary, Revised Fourth Ed., at page 1134, defines a meeting as a "coming together of persons; an assembly. Particularly, in law, an assembling of a number of persons for the purpose of discussing and acting upon some matter or matters in which they have a common interest." The same dictionary, at page 852, says a hearing is a "proceeding of relative formality, generally public, with definite issues of fact or of law to be tried, in which parties proceeded against have right to be heard, and is much the same as a trial and may terminate in final order."

We recognized this distinction in Dobrovolny v. Reinhardt, 173 N.W.2d 837, 841 (Iowa 1970), when we said:

"It is clear the purpose of chapter 98 [of the Acts of the Sixty-Second G.A. requiring meetings of governmental agencies to be open to the public] is to prohibit secret or 'star chamber' sessions of public bodies, to require such meetings to be open and to permit the public to be present unless within the exceptions stated therein. *The statute does not require the public body to allow any individual or group to be heard on the subject being considered."* (Emphasis added.)

Most assuredly this cannot be said of a public hearing. Although not similar factually, the following cases, in one way or another, distinguish between a public meet-

ing and a public hearing. Willey v. Town Council of Town of Barrington (R.I. 1970), 261 A.2d 627, 631; Schlagheck v. Winterfeld (1958), 108 Ohio App. 299, 161 N.E.2d 498, 504; Lamb v. Town of East Hampton (1957), 18 Misc.2d 802, 162 N. Y.S.2d 94, 96; Mayfield Gas Company v. Public Service Commission (Ky. Court of Appeals 1953), 259 S.W.2d 8, 10, 11; Saks & Co. v. City of Beverly Hills (1952), 107 Cal.App.2d 260, 237 P.2d 32, 36; Lowry v. Commissioner of Agriculture (1939), 302 Mass. 111, 18 N.E.2d 548, 552.

■ We have held the granting of a special use permit is a quasijudicial function which must be "governed by adequate guidelines." City of Des Moines v. Lohner, 168 N.W.2d 779, 784 (Iowa 1969); cf. Boomhower v. Cerro Gordo County Board of Adjustment, 163 N.W.2d 75, 77 (Iowa 1968). We believe due process dictates that plaintiffs were entitled to notice from, and an opportunity to object before, the defendant board—the only body which was empowered to grant the special use permit they so bitterly oppose.

■ Having said this much, we are immediately face to face with the next problem. Although requiring a public hearing, the ordinance is silent as to notice. When notice must be given but no method is prescribed, the notice must be a reasonable one under the circumstances. It must afford a fair opportunity to appear and object. Notice to plaintiffs must meet this test. Koelling v. Board of Trustees of Mary Frances Skiff Memorial Hospital, 259 Iowa 1185, 1197, 146 N.W.2d 284, 291 (1967); Gilchrist v. Bierring, 234 Iowa 899, 916, 14 N.W.2d 724, 732 (1944); Smith v. State Board of Medical Examiners, 140 Iowa 66, 70, 117 N.W. 1116, 1117 (1908). Other jurisdictions adhere to the same rule. Foley v. County Commissioners (1967), 247 Md. 162, 172, 230 A.2d 298, 304. Cf. First Federal Savings and Loan Association v. Department of Banking, 187 Neb. 562, 192 N.W.2d 736, 740 (1971); Juzek v. Hackensack Water Company (1966),

48 N.J. 302, 225 A.2d 335, 342; Application of Brody's Auto Wreckers, Inc., 31 Misc.2d 466, 220 N.Y.S.2d 936, 938 (1961); Knoy v. Indiana Real Estate Commission (1959), 239 Ind. 379, 157 N.E.2d 825, 828; McCarthy v. Coos Head Timber Company (1956), 208 Or. 371, 302 P.2d 238, 254. See also 2 Am.Jur.2d, Administrative Law, section 417, page 228.

■ One other issue argued by plaintiffs should be commented on. They insist they are entitled to a de novo trial in district court under section 358A.21, The Code. While some of our opinions have been open to that conclusion, we believe the matter is governed by Vogelaar v. Polk County Zoning Board of Adjustment, 188 N.W.2d 860, 863 (Iowa 1971) and Deardorf v. Board of Adjustment, 254 Iowa 380, 383, 118 N.W.2d 78, 80 (1962). We reiterate the rule there announced; "de novo" as used in section 358A.21 does no more than permit the introduction of additional evidence in district court if the court finds that course necessary for proper disposition of the cause. With that qualification the decision of the administrative body is conclusive unless it is arbitrary, capricious, or otherwise illegal.

IV. In summary, we hold the following:

1. In the absence of a return to the writ of certiorari by defendant, the trial court acted illegally in ordering plaintiffs' petition dismissed and the case is reversed and remanded for that reason.

2. On remand defendant board should be directed to make a return to the writ as required under section 358A.20, The Code.

3. Section 15 of the Bremer County Zoning Ordinance mandates the defendant board to hold a public hearing upon reasonable notice before acting on the recommendations of the zoning commission.

4. The action of the board of adjustment in granting a special use permit is a quasi-judicial function, and plaintiffs are entitled to an opportunity to appear and object before the board of adjustment acts.

The case is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

All Justices concur, except MASON and McCORMICK, JJ., who take no part.