**Beth JORGENSEN, Appellant,**

v.

**BOARD OF ADJUSTMENT, CITY OF DES MOINES; Des Moines Public Housing Authority, Appellees.**

No. 69007.

Supreme Court of Iowa.

July 20, 1983.

Roger D. Colton, Ames, for appellant.

Nolden Gentry and Ann Marie Brick of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellee Des Moines Public Housing Authority.

James E. Nervig, Asst. City Atty., Des Moines, for appellee Board of Adjustment, City of Des Moines.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and WOLLE, JJ.

LARSON, Justice.

This appeal involves the question of the validity of a special permit granted to the Des Moines Public Housing Authority (authority) for the right to construct a residential apartment building for the elderly and handicapped in a one and two-family residence zoned district in Des Moines.

On September 3, 1981, the authority filed an appeal with the Des Moines Zoning Board of Adjustment (board) requesting permission to build a 90-unit, five story residential building on the corner of East 8th Street and Oak Park Avenue in Des Moines. The site is a portion of a public park located within an "R–2" district, a one and two-family zoned district. The authority also requested a variance from the Des Moines Municipal Code section 2A–7(f) which prohibits parking in the front yard of such districts. The project as submitted to the board provided for such parking.

On September 15, 1981, the board granted the special permit and parking variance over the objection of the petitioner, Beth Jorgensen, a resident of the area. On October 2, 1981, Jorgensen filed a petition for writ of certiorari challenging the board's decision. She claimed the board's action was illegal, asserting in part that the action was "not in harmony with the general purpose of the statutory authorization and ordinances of the City of Des Moines" and that the action was contrary to Municipal Ordinance 2A–27, because "the project

as proposed is outside the scope of said ordinance and those specific uses and buildings." The petitioner also claimed that she was denied procedural due process and fundamental fairness in the board hearing, asserting specifically that her rights of confrontation, examination and discovery, and cross-examination of witnesses were denied.

The district court entered a judgment annulling the writ of certiorari as to the attack on the issuance of the special permit and sustained the writ with regard to the granting of the variance to allow parking in the front yard. The court concluded that the board's findings as to the special permit were supported by substantial evidence and thus its action in issuing the special permit was not illegal. The court found that there was insufficient evidence, however, to establish that enforcement of the zoning ordinance prohibiting parking in the front yard would result in an unnecessary hardship. Accordingly, the court concluded that the board was not justified in granting the parking variance. The court did not address the petitioner's claims that her rights of confrontation and cross-examination of witnesses were denied by the board.

On appeal the petitioner argues (1) that the district court's invalidation of the requested variance for parking renders the special permit for construction of the building invalid as well, since the project, without adequate parking, could not comply with the zoning ordinance; (2) that the proposed building is not a "public building" as contemplated by the special exception zoning ordinance section 2A–27(1); and (3) that the special permit was granted without according her the opportunity to confront and cross-examine witnesses. We affirm the decision of the district court.

## I. *Scope of Review.*

■ Our scope of review is limited. In our review of a certiorari case, the district court's findings of fact have the effect of a special jury verdict, and we are governed by the rules applicable to appeals in ordinary actions. *Graziano v. Board of Adjustment,* 323 N.W.2d 233, 236–37 (Iowa 1982); *Grandview Baptist Church v. Zoning Board of Adjustment,* 301 N.W.2d 704, 706–07 (Iowa 1981). "Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board." *Weldon v. Zoning Board of City of Des Moines,* 250 N.W.2d 396, 401 (Iowa 1977); Iowa R.Civ.P. 318; *see also Trailer City, Inc. v. Board of Adjustment,* 218 N.W.2d 645, 646–48 (Iowa 1974).

## II. *Special Permit.*

■ A. Petitioner argues that the proposed project cannot meet the requirements of the granting of a special permit[1] without the variance allowing for parking in the front yard of the project. Therefore, she argues, since the district court sustained the writ of certiorari attacking the parking variance, the granting of the special permit exceeded the authority of the board.

The general power of a board of adjustment to grant special permits or exceptions is specified in Iowa Code section 414.12(2) (1983). Here, section 2A–27 of the Des Moines Municipal Code sets forth the procedure to be followed in granting a special permit. The section provides in part:

The Board of Adjustment may by special permit after public hearing authorize the location of any of the following buildings or uses in any district from which they are prohibited by this ordinance. . . .

1. Any public building erected and used by any department of the city, township, county, state or federal government.

. . . .

---

1. We have held that the term "special permit" is synonymous with "special exception" as used in Iowa Code § 414.12(2) (1983). *DePue v. City of Clinton,* 160 N.W.2d 860, 863 (Iowa 1968) (interpreting prior code section).

Applications for a special permit under the terms of this section shall be accompanied by evidence concerning the feasibility of the proposed request and its effect on surrounding property and shall include a site plan defining the areas to be developed for buildings, the areas to be developed for parking, the locations of sidewalks and driveways and points of ingress and egress, including access streets where required, the location of heights of walls, the location of type of landscaping and the location, size and number of signs.

In the present case, the district court concluded that the board had complied with section 2A–27 and that the board's findings with reference to the special permit were supported by substantial evidence. Putting aside, for the moment, the petitioner's claim that the proposed building is not a "public building," we find no error in the district court's conclusion that the board met the statutory requirements in granting the special permit. Denial of the parking variance does not per se render the special permit invalid; the special permit was not conditioned upon a granting of the variance. The denial merely alters the location of the proposed parking area.

Section 2A–27 specifically provides that

[i]n the event a special permit is granted under the terms of this section, any change thereafter in the approved use or site plan shall be resubmitted and considered in the same manner as the original proposal.

The authority is simply required to resubmit its site plan with the parking area located in conformity with the applicable section of the zoning ordinance.[2]

■ B. The petitioner contends that the housing project proposed by the authority will be used as a retirement home for the elderly, and retirement homes are prohibited in any "R–2" zone. Other prohibited uses in "R–2" zones, such as schools, hospitals, and churches are specifically men-

tioned in the ordinance as qualifying for special exemptions. Retirement homes, however, are not so mentioned. The petitioner argues therefore that the council did not intend to allow them under any circumstances in an "R–2" zone. She argues this project was not therefore qualified for an exemption under the general exemption accorded for public buildings by section 2A–27(1) of the ordinance.

We do not agree; there is nothing in the ordinance which mentions the exceptions for churches, schools, hospitals and similar projects which qualify for special exemptions, that suggests the list is exclusive. Moreover, this project, an outgrowth of the municipal housing law, Iowa Code chapter 403A, and promoted by the housing authority, which was created by the city of Des Moines, is a public building entitled to a specific exemption under the ordinance. The district court so found and we agree.

### III. *Procedural Issue.*

■ Finally, the petitioner argues that the special permit was granted in an unlawful manner because she was not "accorded procedural safeguards consistent with the fundamental fairness which should inhere in a quasi-judicial proceeding." Specifically, she claims she was denied the opportunity to confront and cross-examine the witnesses. She was present at the hearing but failed to exercise, or request, such rights.

Assuming, without deciding, that the petitioner was entitled to such rights before the board, we believe she has waived those rights by failing to assert them. *See Johnson v. Board of Adjustment,* 239 N.W.2d 873, 877 (Iowa 1976). Moreover, while the petitioner did raise the issue before the district court, the court did not address it in its judgment. No other request for a ruling on the issue appears to have been made. Under these circumstances, we will not address the issue. *See Slater v. Farmland Mutual Ins. Co.,* 334 N.W.2d 728, 730 (Iowa

---

**2.** 2A–7(f) of the zoning ordinance provides that in any residence zoning district, off-street parking areas for all permitted uses other than single-family or two-family units may not be located in the required front yard.

1983); *Fjelland v. Wemhoff,* 249 N.W.2d 634, 638 (Iowa 1977); *see also Vogelaar v. Polk County Zoning Board of Adjustment,* 188 N.W.2d 860, 863 (Iowa 1971).

The judgment of the district court is affirmed.

AFFIRMED.